**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jan 31 2012, 9:15 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**LEANNA WEISSMANN**
Lawrenceburg, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**GARY R. ROM**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| GARY HOLLIN, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 16A01-1108-CR-389 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE DECATUR SUPERIOR COURT
The Honorable Matthew D. Bailey, Judge
Cause No. 16D01-0505-FB-306

**January 31, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BRADFORD, Judge**

Appellant-Defendant Gary Hollin appeals the sentence imposed by the trial court following the trial court's determination that he violated his probation. We affirm.

## FACTS AND PROCEDURAL HISTORY

On May 16, 2005, Hollin was charged with Class B felony attempted dealing (manufacture) of methamphetamine, Class D felony possession of methamphetamine, Class D felony possession of two or more chemical reagents or precursors with the intent to manufacture methamphetamine, and Class A misdemeanor possession of marijuana. On July 12, 2007, Hollin pled guilty to attempted manufacture of methamphetamine, possession of methamphetamine, and possession of marijuana pursuant to a plea agreement.[1] Pursuant to the terms of the plea agreement, the State agreed to dismiss the Class D felony possession of precursors, as a factually included offense. With respect to Holllin's sentence, the plea agreement provided as follows:

> [T]he sentences for the three counts (Attempted Dealing of Methamphetamine, Possession of Methamphetamine, and Possession of Marijuana) shall be concurrent to each other. The total sentence imposed shall be ten (10) years in the Department of Corrections. Six (6) years of the sentence shall be served as an executed jail sentence, and the balance of four (4) years suspended on supervised probation.

Appellant's App. p. 22. On August 8, 2007, the trial court accepted the plea agreement and sentenced Hollin to a term of ten years, with four years suspended to probation.

Hollin was released to probation on September 21, 2009. On December 3, 2010, the State filed a petition seeking to revoke Hollin's probation, alleging that Hollin had violated

---

[1] Hollin's plea agreement also contained guilty pleas to unrelated charges levied under two additional cause numbers.

the terms of his probation by testing positive for methamphetamine on October 22, 2010. The trial court conducted a probation revocation hearing on August 15, 2011, at which Hollin admitted that he had violated the terms of his probation by testing positive for methamphetamine. In exchange for Hollin's admission, the State agreed that it would not pursue additional probation violations under the other cause numbers included in Hollin's original guilty plea.

Following argument by the parties, the trial court revoked Hollin's probation and ordered that he serve two years of his previously-suspended four-year sentence. In imposing this term, the trial court considered: (1) the fact that Hollin "test[ed] positive for the very thing that go[t] [him] in jail the first time[;]" (2) Hollin did not enroll in any drug-treatment program in the eight months since the filing of the probation revocation petition; and (3) its concern that Hollin, a methamphetamine user and addict who had not received any treatment, was supervising or caring for children. Tr. p. 22. The trial court also considered the fact that Hollin accepted responsibility for his actions. This appeal follows.

## DISCUSSION AND DECISION

Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled. The trial court determines the conditions of probation and may revoke probation if the conditions are violated. Once a trial court has exercised its grace by ordering probation rather than incarceration, the judge should have considerable leeway in deciding how to proceed. If this discretion were not afforded to trial courts and sentences were scrutinized too severely on appeal, trial judges might be less inclined to order probation to future defendants. Accordingly, a trial court's sentencing decisions for probation violations are reviewable using the abuse of discretion standard. An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances.

3

*Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007) (quotations omitted).

Indiana Code section 35-38-2-3 provides, in relevant part, as follows:

(a) The court may revoke a person's probation if:
    (1) the person has violated a condition of probation during the probationary period;

**\*\*\*\***

(g) If the court finds that the person has violated a condition at any time before termination of the period, and the petition to revoke is filed within the probationary period, the court may impose one (1) or more of the following sanctions:
    (1) Continue the person on probation, with or without modifying or enlarging the conditions.
    (2) Extend the person's probationary period for not more than one (1) year beyond the original probationary period.
    (3) Order execution of all or part of the sentence that was suspended at the time of initial sentencing.

In the instant matter, the trial court found that Hollin had violated the terms of his probation after he had admitted that he tested positive for methamphetamine. On appeal, Hollin does not argue that the trial court abused its discretion in revoking his probation, but rather that the trial court abused its discretion in ordering Hollin to serve two years of his previously suspended four-year sentence.

In arguing that the trial court abused its discretion in ordering that he serve two years of his previously-suspended four-year sentence, Hollin claims that "[w]hen someone is fighting a drug addiction, a small relapse is not shocking." Appellant's Br. p. 6. Hollin claims that he had one relapse into drug use, as was reflected by his failed test in October 2010. Hollin argues that other than the one relapse, he has been living drug-free and draws our attention to the negative results for the drug test that he voluntarily underwent on July 29,

4

2011. This negative drug test, however, does not necessarily prove that Hollin is living drug-free, as it was scheduled by Hollin and could have been scheduled for a time when Hollin knew that he would not test positive for methamphetamine.

Hollin also argues that he "received further impetus to stay clean when he began to care for his five young grandchildren." Appellant's Br. p. 6. Hollin told the trial court that he wants to care for his grandchildren so they do not go "in the system." Tr. p. 15. While we commend Hollin for his desire to care for his five young grandchildren, such good will on his part does not erase the fact that he violated the terms of his probation.

Hollin further argues that the trial court should have given him credit for taking responsibility for his actions and admitting the probation violation. The record demonstrates, however, that the trial court did in fact consider the fact that Hollin accepted responsibility for his actions and admitted the probation violation. The record further demonstrates that Hollin received an additional benefit for his admission in that the State agreed that it would not pursue a probation violation for any of the other cause numbers covered by his guilty plea.

Hollin violated his probation by abusing the same drug which he attempted to manufacture and possessed with respect to his underlying convictions. Hollin claims that at the time of his relapse, he was simply spending time with the "wrong bunch." Tr. p. 10. Although he claims to be living drug-free, Hollin has not received treatment for his addiction to methamphetamine or proved that he will not spend time with this "wrong bunch" in the future. Considering the stress involved with raising children, the trial court expressed a valid

concern that, in light of Hollin's failure to seek treatment for his addiction, Hollin could potentially relapse again. Accordingly, we cannot say that the trial court abused its discretion in ordering Hollin to serve two years of his previously-suspended four-year sentence after Hollin violated the terms of his probation.

The judgment of the trial court is affirmed.

KIRSCH, J., and BARNES, J., concur.