**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Feb 07 2013, 8:51 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**JUNE E. BULES**
Plymouth, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KELLY A. MIKLOS**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ANTHONY PAUL BANKS, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 50A05-1207-CR-343 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARSHALL SUPERIOR COURT
The Honorable Robert O. Bowen, Judge
Cause No. 50D01-0612-FB-49

**February 7, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**VAIDIK, Judge**

**Case Summary**

Anthony Paul Banks appeals the revocation of his probation and the trial court's order that he serve his entire previously suspended four-year sentence in the Indiana Department of Correction. Banks argues that the trial court should have imposed less than the entire previously suspended sentence and continued his probation. Finding no error by the trial court, we affirm.

**Facts and Procedural History**

In 2008, Banks pled guilty to Class B felony burglary and was sentenced to eight years in the DOC, with four years suspended to probation. He was released from the DOC in October 2011.

The terms of Banks' probation prohibited him from purchasing, possessing, or consuming intoxicating beverages or illegal substances. *See* Appellant's App. p. 15. Banks was also required to submit to random drug screens. In March 2012, the State filed a petition to revoke Banks' probation, alleging that Banks had violated his probation by testing positive for amphetamine and methamphetamine at one drug screen and cocaine metabolites at another. At a hearing on the State's petition, the trial court received evidence of Banks' failed drug screens. Banks told the trial court he "fell to [his] weaknesses and made a couple [of] mistakes" and asked for mercy. Tr. p. 43. However, Banks also admitted that he had an extensive criminal history. His criminal history includes multiple juvenile adjudications, many of which would have been felonies if committed by an adult. *See* State's Ex. 9. And as an adult, Banks has eighteen felony convictions, including convictions for theft, burglary, operating a motor vehicle while

intoxicated, operating a motor vehicle after being adjudged a habitual traffic offender, possession of marijuana, carrying a handgun without a license, pointing a handgun, criminal mischief, and a number of habitual-offender enhancements. *Id.*

The State asked the trial court to impose the entire previously suspended sentence of four years, saying "probation isn't having any effect on [Banks]." Tr. p. 50. Nonetheless, Banks asked the court to impose less than the entire previously suspended sentence. The court rejected Banks' request, telling Banks he had received a "fairly lenient sentence" on the underlying burglary conviction despite his criminal history and stated, "It's obvious that probation has not worked in your situation." *Id.* at 54. The court ordered Banks to serve his entire previously suspended four-year sentence in the DOC. Banks now appeals.

## Discussion and Decision

Banks argues that the trial court should have ordered him to serve less than his entire previously suspended sentence and continued his probation. We disagree.

Once a trial court has exercised its grace by ordering probation rather than incarceration, "the judge should have considerable leeway in deciding how to proceed." *Prewitt v. State*, 878 N.E.2d 184, 187 (Ind. 2007). If this discretion were not given to trial courts and sentences were scrutinized too severely on appeal, trial judges might be less inclined to order probation. *Id.* Accordingly, a trial court's sentencing decision for a probation violation is reviewable using the abuse-of-discretion standard. *Id.* An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances. *Id.*

3

If a trial court finds that a person has violated his probation before termination of the period, the court may order execution of all or part of the sentence that was suspended at the time of initial sentencing. Ind. Code § 35-38-2-3(g). In this case, we find that Banks' criminal history and likelihood of reoffending sufficiently support the trial court's decision to order execution of the previously suspended four years. When imposing Banks' probation-revocation sentence, the trial court cited his extensive criminal history. In addition to a number of juvenile adjudications, the record shows that Banks—who was thirty-six years old at the time of sentencing—has eighteen felony convictions, including convictions for theft, burglary, operating a motor vehicle while intoxicated, operating a motor vehicle after being adjudged a habitual traffic offender, possession of marijuana, carrying a handgun without a license, pointing a handgun, criminal mischief, and a number of habitual-offender enhancements.

Banks' sole argument on appeal is that "it would have been more reasonable for the trial court to sentence Banks to serve some shorter period of incarceration and continue him on probation, possibly modifying the conditions of his probation to include [a] drug[-]treatment program." Appellant's Br. p. 5. We cannot agree. Banks has a significant criminal history and failed to take advantage of the alternative sentencing opportunity previously afford to him. As the trial court aptly noted, "probation has not worked" for Banks. Tr. p. 54. The trial court did not abuse its discretion in ordering Banks to serve his entire previously suspended four-year sentence.

Affirmed.

BAILEY, J., and BROWN, J., concur.

4