**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**TIA R. BREWER**
Grant County Public Defender
Marion, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

FILED

Apr 09 2014, 9:18 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ANTIONE MARSHALL, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 27A05-1308-CR-425 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE GRANT SUPERIOR COURT
The Honorable Dana J. Kenworthy, Judge
Cause No. 27D02-1207-FD-150

**April 9, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

**Case Summary**

Antione Marshall appeals the revocation of his probation, arguing that the trial court abused its discretion in ordering him to serve his previously suspended sentence. Concluding that the trial court did not abuse its discretion, we affirm.

**Facts and Procedural History**

Marshall pled guilty to class D felony theft, class D felony criminal confinement, class A misdemeanor battery, and class A misdemeanor possession of marijuana. He received an aggregate sentence of three years, with one and a half years executed and one and a half years suspended to supervised probation.

On April 5, 2013, Marshall was released to probation. The terms of his probation included in relevant part that he (1) not possess or consume any controlled substances unless prescribed by a physician and report all prescriptions to his probation officer; (2) not possess or consume alcoholic beverages; (3) notify his probation officer within twenty-four hours prior to any change of address, employment, or phone number; and (4) undergo a drug/alcohol assessment through the Certified Court Program ("CCP") and comply with treatment recommendations. Appellant's App. at 16-17.

On June 18, 2013, the State filed a petition to revoke Marshall's probation, alleging violations of the aforementioned probation conditions. At the probation revocation hearing, Marshall's probation officer testified that (1) at a curfew check, Marshall was not at the address he gave for his residence; (2) he tested positive for marijuana, alcohol, and opiates, (3) he was ordered to report to probation to deal with these violations, but he failed to report

on time; (4) he had not completed the CCP assessment because he twice failed to arrive at the CCP at the scheduled time; and (5) he told his probation officer that he lived with his girlfriend after she informed the officer that he no longer lived with her.

The trial court found that Marshall violated the conditions of his probation by failing to keep his address current, testing positive for drugs and alcohol, failing to report to probation as ordered, and failing to complete the CCP as ordered. The trial court also found that Marshall's "behavior indicates that he is not willing to follow the most basic rules of probation," that his probation officer "gave [him] multiple opportunities to comply with the rules" before filing the probation revocation petition, and that his "behavior and attitude indicate[] that he is not a good candidate for continued probation." *Id*. at 19. The trial court revoked his probation and ordered that he serve the balance of his previously suspended sentence. Marshall appeals.

### Discussion and Decision

Marshall admits that he drank alcohol and took Loratab without notifying his probation officer, and therefore does not dispute that he violated the terms of his probation. Rather, he asserts that the trial court abused its discretion in ordering him to serve the balance of his suspended sentence as a consequence of his probation violations. In reviewing his argument, we observe that

> Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled. The trial court determines the conditions of probation and may revoke probation if the conditions are violated. Ind. Code Ann. § 35-38-2-3 (West 2007). Once a trial court has exercised its grace by ordering probation rather than incarceration, the judge should have considerable leeway in deciding how to proceed. If this discretion

were not afforded to trial courts and sentences were scrutinized too severely on appeal, trial judges might be less inclined to order probation to future defendants. Accordingly, a trial court's sentencing decisions for probation violations are reviewable using the abuse of discretion standard. An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances.

*Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007) (citations omitted).

Marshall argues that his violations were not that serious and were due to the challenges that he faced upon his initial release from prison. He asserts that he did not commit a new criminal offense, he did report to probation and the CCP but was late, and he took Loratab from an old prescription because he did not have a medical provider to give him a new prescription. He argues that he was finally able to obtain a stable living situation and obtain treatment for his bipolar and schizophrenia from Cornerstone Behavioral Health Center.[1]

We acknowledge that the transition from prison to the outside may be difficult, but Marshall committed multiple violations within two months of his release. Three of his violations involved drugs and alcohol, indicating that he could substantially benefit from the CCP drug and alcohol assessment and treatment, but he was unable to obtain the assessment because he did not arrive on time to either of his appointments. Further, as the trial court found, Marshall was unable to comply with the most basic requirements of probation. He did not report his current address to his probation officer or arrive at his appointments with her

---

[1] Marshall asserts that the trial court failed to consider aggravating and mitigating circumstances. However, Indiana Code Section 35-38-2-3, which governs violation of conditions of probation, does not require a trial court to balance aggravating and mitigating circumstances when determining sentencing upon finding a violation of probation.

on time.  We cannot say that the trial court's decision to impose the balance of his suspended sentence is against the logic and effects of these facts and circumstances.  Therefore, we affirm the trial court's revocation of Marshall's probation.

Affirmed.

BAKER, J., and BARNES, J., concur.