## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 28 2016, 9:15 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Kurt A. Young
Nashville, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Justin F. Roebel
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Lana Anderson,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | July 28, 2016<br><br>Court of Appeals Cause No.<br>49A02-1511-CR-1919<br><br>Appeal from the Marion Superior Court<br><br>The Honorable Sheila A. Carlisle, Judge<br><br>Trial Court Cause No.<br>49G03-1410-FB-46265 |

**Barnes, Judge.**

# Case Summary

Lana Anderson appeals her placement in the Department of Correction ("DOC") after the revocation of her placement in community corrections. We affirm.

# Issue

Anderson raises one issue, which we restate as whether the trial court abused its discretion by ordering that she serve her sentence in the DOC after it revoked her placement in community corrections.

# Facts

In October 2014, the State charged Anderson with Class B felony operating a vehicle with a Schedule I or II controlled substance causing death and Class C felony reckless homicide. In December 2014, Anderson pled guilty to Class C felony reckless homicide, and the State dismissed the remaining charge. Pursuant to the terms of the plea agreement, the trial court sentenced Anderson to six years in community corrections. The trial court ordered Anderson to "comply with all rules, regulations, treatment recommendations, procedures, and pay all fees of Community Corrections" as well as obtain a GED, obtain a mental health evaluation/treatment, take weekly drug tests, take all prescribed medication, and obtain job skills training. App. p. 45.

Anderson was placed at the Theodora House for her community corrections placement. In July 2015, Marion County Community Corrections ("Community Corrections") filed a notice of community corrections violation,

which alleged that Anderson had failed to follow Theodora House rules, failed to follow rules regarding seeking and obtaining employment, and failed to attend court-ordered programs. At the September 2015 hearing regarding her community corrections violations, evidence was presented that Anderson attended only one GED class although the classes were offered weekly at the Theodora House. Anderson received a mental health evaluation at Midtown, but she failed to attend monthly meetings with her therapist and weekly group meetings. Anderson also often received passes to apply for jobs, but she did not use most of the passes and failed to obtain employment. Community Corrections found a part-time cleaning job for Anderson at a "sister location," but Anderson did not go. Tr. p. 26. The trial court found that Anderson failed to follow the Theodora House rules, failed to follow the rules regarding seeking and obtaining employment, and failed to attend court-ordered programming. The trial court then revoked Anderson's placement in community corrections and ordered that she serve the six-year sentence in the DOC. Anderson now appeals.

## Analysis

[5] Anderson argues that the trial court abused its discretion when it ordered her to serve her sentence in the DOC after it revoked her placement in community corrections. Indiana Code Section 35-38-2.6-5 provides that if a person violates the terms of the placement, the community corrections director may: change the terms of the placement, continue the placement, reassign the person to a different community corrections program, or "request that the court revoke the

placement and commit the person to the county jail or department of correction for the remainder of the person's sentence." We treat a hearing on a petition to revoke placement in a community corrections program the same as we do a hearing on a petition to revoke probation. *Cox v. State*, 706 N.E.2d 547, 549 (Ind. 1999). Like probation, a defendant is not entitled to serve a sentence in a community corrections program. *Id.* Rather, such placement is a matter of grace and a conditional liberty that is a favor, not a right. *Id.* Once a trial court has exercised its grace in this regard, it has considerable leeway in deciding how to proceed when the conditions of placement are violated. *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). "Accordingly, a trial court's sentencing decisions for probation violations are reviewable using the abuse of discretion standard." *Id.* We will find an abuse of discretion only where the decision is clearly against the logic and effect of the facts and circumstances. *Id.*

[6] Community Corrections proved that Anderson violated several rules of her placement. Anderson argues that these violations were "technical" and did not warrant her placement in the DOC. Appellant's Br. p. 13. Anderson argues that, due to her physical and mental health, she was not able to go directly into the workforce. She notes that, after being returned to the Marion County Jail, she has made progress on taking GED classes and other classes.

[7] Community Corrections demonstrated that, during Anderson's six months at its facility, she attended only one GED class, failed to attend her mental health appointments at Midtown, and failed to obtain employment. A Theodora House employee testified that she often found Anderson in bed. Although

Theodora House gave Anderson many opportunities and much support, she made minimal effort to comply with the trial court's orders or the community corrections rules. In discussing Anderson's progress made while in the Marion County Jail, the trial court noted that Anderson "needed to be locked up in jail in order to focus on the things that the Court wanted [her] to focus on . . . ." Tr. p. 78. The trial court did set a hearing to review Anderson's sentence and get a progress report from the DOC to see if Anderson was taking the opportunity to rehabilitate herself. Given Anderson's failure to take advantage of the opportunities at Theodora House, the trial court's revocation of Anderson's placement in community corrections and her placement in the DOC was not an abuse of discretion.

## Conclusion

[8] The trial court did not abuse its discretion when it revoked Anderson's placement in community corrections and ordered her to serve her sentence in the DOC. We affirm.

[9] Affirmed.

Vaidik, C.J., and Mathias, J., concur.