## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 31 2017, 8:42 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Leanna Weissmann
Lawrenceburg, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Matthew B. Mackenzie
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Michael Elsbury, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | July 31, 2017 <br><br> Court of Appeals Case No. 15A01-1703-CR-449 <br><br> Appeal from the Dearborn Superior Court <br><br> The Honorable Jonathan N. Cleary, Judge <br><br> Trial Court Cause No. 15D01-0809-FD-206 |

**Pyle, Judge.**

# Statement of the Case

After Michael Elsbury ("Elsbury") admitted that he had violated his probation, the trial court revoked two years of his previously suspended two and one-half year sentence. Elsbury now contends that the trial court abused its discretion in revoking two years of his suspended sentence. Finding no error, we affirm the trial court's judgment.

We affirm.

# Issue

> The sole issue for our review is whether the trial court abused its discretion in revoking two years of Elsbury's previously suspended sentence.

# Facts

In 2005, Elsbury was convicted of Class B felony child molesting. The trial court sentenced him to ten (10) years with eight (8) years suspended to probation. In 2008, Elsbury was convicted of Class D felony failure to register as a sex offender. The trial court sentenced him to three (3) years with two and one-half (2½) years suspended to probation. Elsbury was subsequently convicted of Class C felony failure to register as a sex offender.

In 2011, Elsbury was convicted in Ohio of two counts of non-support of a dependent as fifth degree felonies. In 2014, he transferred his probation to Florida so that he could live with his mother and stepfather. While he was living in Florida, Elsbury was convicted of two felonies for failing to register his

email and mobile phone number as a sex offender. Indiana filed a petition to revoke his probation in the 2008 Class D felony based on these two Florida convictions.

[5] At the probation revocation hearing, Elsbury testified that he had twice violated his probation while serving his sentence for the 2005 Class B felony. He further testified that he had also violated probation and parole for the Class C felony. Elsbury also admitted that he had violated his probation for the Class D felony conviction by committing the two additional felonies in Florida. He further admitted that he had not been taking the registration requirements as seriously as he should have been. Elsbury also explained that he wanted to obtain his GED and go to welding school.

[6] Following the hearing, the trial court stated as follows:

> Due to the repeatedly similar nature of the probation violations, the serious nature of the underlying conviction being child molesting a Class B felony, the Court finds that the culpability of [Elsbury] for continued failing to register is high. The severity of the crime, the B felony child molesting and then now there are three convictions for failing to register, three probation violations, a parole violation. The severity of the crime is high.

(Tr. 35). The trial court then revoked two years of Elsbury's previously suspended two and one-half-year sentence. Elsbury appeals.

## Decision

[7] Elsbury's sole argument is that the trial court abused its discretion in revoking two years of his previously suspended sentence. Upon determining that a probationer has violated a condition of probation, the trial court may "[o]rder execution of all or part of the sentence that was suspended at the time of initial sentencing." IND. CODE § 35-38-2-3(h)(3). "Once a trial court has exercised its grace by ordering probation rather than incarceration, the judge should have considerable leeway in deciding how to proceed." *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). "If this discretion were not given to trial courts and sentences were scrutinized too severely on appeal, trial judges might be less inclined to order probation to future defendants." *Id.* As a result, we review a trial court's sentencing decision from a probation revocation for an abuse of discretion. *Id.* An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances. *Id.*

[8] The record reveals that the trial court had ample basis for its decision to revoke two years of Elsbury's previously suspended sentence. Significantly, as the State points out, Elsbury "committed two new felony offenses for failing to comply with registry requirements while he was on probation for a crime which was itself a registry violation." (Elsbury's Br. 8). In addition, we note that Elsbury was convicted of a Class B felony, which was followed by two probation violations. He also had three convictions for failure to register, three probation violations, and a parole violation. Based on this evidence, we

conclude that the trial court did not abuse its discretion when it revoked two years of Elsbury's previously suspended sentence.

[9] Affirmed.

Riley, J., and Robb, J., concur.