## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 24 2018, 7:08 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Donald E.C. Leicht
Kokomo, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Matthew B. MacKenzie
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Ronald Lidy,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

January 24, 2018

Court of Appeals Case No.
34A05-1709-CR-2195

Appeal from the Howard Superior Court

The Honorable William C. Menges, Jr., Judge

Trial Court Cause No.
34D01-1609-F6-958

**Bailey, Judge.**

# Case Summary

[1] Ronald Lidy ("Lidy") challenges the revocation of his probation imposed upon his plea of guilty to Unlawful Possession of a Syringe, as a Level 6 felony.[1] He presents the sole issue of whether sufficient evidence supports the revocation decision. We affirm.

# Facts and Procedural History

[2] On March 7, 2017, Lidy pled guilty to Unlawful Possession of a Syringe. He was sentenced to 548 days imprisonment, with six days to be executed and the remainder suspended to probation. Among other probationary conditions, Lidy agreed to refrain from illegal drug use.

[3] On April 13, 2017, and on April 21, 2017, Lidy tested positive for cocaine and opiates; the State alleged that Lidy had violated his probation. On May 11, 2017, and on June 22, 2017, Lidy admitted to the probation violation allegations. Lidy served four weekends in jail for the May violation and 60 days in jail for the June violation.

[4] On August 4, 2017, the State filed a Petition to Revoke Suspended Sentence. The petition alleged that Lidy had, on July 27, 2017, "tested positive for

---

[1] Ind. Code § 16-42-19-18.

cocaine and opiates at Avertest" in violation of the following term of his probation:

> You may not consume or possess on your person or in your residence any controlled substance (illegal drug) except as prescribed to you by a licensed physician. You must submit to alcohol and drug testing when ordered by the Probation Department, or any police officer. An attempt to dilute or alter a urine sample to mask (cover up) the test results is a violation of this order. You are responsible for the payment of the drug testing. A refusal to submit to a urine screen will be considered the same as a positive screen.

(App. Vol. II, pg. 30.)

A hearing was conducted on September 12, 2017, at which Lidy's probation officer, Laura Rood ("Rood"), testified. The trial court revoked Lidy's probation and ordered that he serve the remaining 466 days of his suspended sentence. Lidy now appeals.

# Discussion and Decision

Probation is a matter of grace and not a right to which a criminal defendant is entitled. *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). The decision to revoke probation is within the discretion of the trial court, and its decision is reviewed on appeal only for an abuse of that discretion. *Woods v. State*, 892 N.E.2d 637, 639 (Ind. 2008). We will consider only the evidence most favorable to the judgment without reweighing the evidence or judging the credibility of witnesses. *Id.* If there is substantial evidence of probative value to

support the trial court's decision that a defendant has violated any terms of probation, this Court will affirm the revocation decision. *Id.* at 639-40.

[7] Probation revocation is a two-step process. First, the court must make a factual determination that a violation of a condition of probation occurred. *Id.* at 640. Next, if a probation violation has been proven, the trial court must determine if the violation warrants revocation of the probation. *Id.*

[8] At the probation revocation hearing, Rood testified that, on July 27, 2017, Lidy had tested positive for cocaine and opiates "at Avertest." (Tr. at 20.) Lidy does not deny the presentation of evidence that he tested positive for cocaine and opiates; rather, he argues that this evidence is insufficient to support revocation because Rood did not specifically testify that the Probation Department had ordered the test by Avertest and the State did not present evidence that Lidy lacked a valid prescription for opiates.

[9] Paragraph 5 of Lidy's Conditions of Supervised Probation, quoted in the Petition to Revoke Suspended Sentence, requires that Lidy refrain from illegal drug use, submit to testing ordered by the Probation Department, not alter a sample, and pay for drug testing. The language is broader than the focus of the State's evidence at the revocation hearing. Had the State relied upon an allegation that Lidy refused to "submit to alcohol and drug testing when ordered by the Probation Department, or any police officer," (App. Vol. II, pg. 30.), the State would have been required to establish that its agent ordered the refused test. Here, however, the proscribed conduct at issue in the revocation

hearing was Lidy's use of illegal drugs. The State did not rely upon an allegation that Lidy failed to submit, altered a sample, or failed to pay for testing. The State offered evidence upon a single violation, that is, use of illegal drugs. Only a single violation need be established. *Woods*, 892 N.E.2d at 639.

[10] Nonetheless, the State presented evidence of the relationship between Avertest and the Probation Department. Rood testified that Avertest was "the company we use for drug screens" and that she had received results from that company. (Tr. at 17.) She further testified that, after two failed drug screens, Lidy had "continued with [the] Avertest program." (Tr. at 20.) From this evidence, the fact-finder could infer that the Avertest drug screen at issue had been ordered by the Probation Department.

[11] Lidy has also claimed that the State bore the burden to prove that Lidy did not possess a valid prescription for cocaine or opiates. The State alleged, in essence, that Lidy violated his probation by committing a new drug-related criminal offense. "The existence of a valid prescription for a controlled substance is a defense to the crime of possession" and "[t]he defendant bears the burden of proving this defense by a preponderance of the evidence." *Lundy v. State*, 26 N.E.3d 656, 658 (Ind. Ct. App. 2015). Lidy does not persuade us that a different burden of proof would apply in a probation revocation proceeding, where the probationary term recognizes an "exception" to the prohibited use. We reject Lidy's claim that the State failed to offer evidence on an issue upon which it bore the burden of proof.

# Conclusion

[12] The State presented sufficient evidence to support the revocation decision.

[13] Affirmed.

Kirsch, J., and Pyle, J., concur.