## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 02 2018, 6:10 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

R. Patrick Magrath
Alcorn Sage Schwartz & Magrath, LLP
Madison, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Lee M. Stoy, Jr.
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

Stefanie A. Vastine,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

February 2, 2018

Court of Appeals Case No.
15A01-1709-CR-2063

Appeal from the Dearborn
Superior Court

The Honorable Jonathan N.
Cleary, Judge

Trial Court Cause No.
15D01-1502-F6-43

**Bailey, Judge.**

# Case Summary

[1] Stefanie A. Vastine ("Vastine") appeals from the revocation of her probation. She presents the sole issue of whether the trial court abused its discretion in ordering her to serve four years of her five-year suspended sentence. We affirm.

# Facts and Procedural History

[2] Pursuant to a plea agreement, Vastine pleaded guilty to three Level 6 felonies: Possession of a Narcotic Drug,[1] Maintaining a Common Nuisance,[2] and Obstruction of Justice.[3] The trial court accepted the plea, and sentenced Vastine in accordance with the agreement, imposing an aggregate sentence length of seven and one-half years, with five years suspended to probation.

[3] In February 2017, Vastine agreed to several conditions of probation. The following month, the State requested a hearing, alleging that Vastine violated the conditions of her probation by committing the crime of escape. The trial court held a fact-finding hearing on August 10, 2017, at which Vastine admitted to leaving her residence and cutting off her monitoring bracelet. There was also evidence that Vastine had previously failed to return to a work-release program.

---

[1] Ind. Code § 35-48-4-6(a).

[2] I.C. § 35-48-4-13(b)(1).

[3] I.C. § 35-44.1-2-2(a)(3).

[4] In considering a sanction, the trial court reflected on the seriousness of Vastine's underlying crimes as well as the nature of the violation, which had led to an additional felony conviction. The trial court ultimately determined that an "extreme intervention" was appropriate, Tr. at 33, and ordered Vastine to serve four years of the five-year suspended sentence, specifying that it would consider modifying the sanction if Vastine completed a therapeutic program.

[5] Vastine now appeals.

# Discussion and Decision

[6] Pursuant to Indiana Code Section 35-38-2-3(h), if the trial court finds that a probationer has violated a condition of probation, the court may impose one of several sanctions, including ordering "execution of all or part of the sentence that was suspended at the time of initial sentencing." When a party challenges the sanction imposed, we review the court's decision for an abuse of discretion, which occurs when the decision is "clearly against the logic and effect of the facts and circumstances." *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007).

[7] Vastine argues that the trial court abused its discretion by imposing a "significantly harsher sentence than was warranted by the circumstances." Appellant's Br. at 13. She mainly relies on *Johnson v. State*, 62 N.E.3d 1224 (Ind. Ct. App. 2016), and asserts that her violation was merely "technical" in nature. Appellant's Br. at 13. Yet, *Johnson* involved an individual with limited intellectual ability who had difficulty understanding the terms of his placement

with community corrections. *See Johnson*, 62 N.E.3d at 1226-29. Moreover, unlike in *Johnson* and the cases cited therein, here, Vastine intentionally cut off her monitor, leading to a felony conviction; this was no mere technicality.

[8] Vastine also asserts that she "readily admitted" to the violation, and that she "has serious medical conditions that make the severe sentence a significant hardship for both Vastine and the State." Appellant's Br. at 13. However, probation is "a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled." *Prewitt*, 878 N.E.2d at 188. In this case, the trial court determined that Vastine's admission to the violation and poor health were mitigating factors, but concluded that Vastine would benefit from a more severe sanction. Moreover, the trial court specifically recommended that Vastine participate in the purposeful incarceration program, which it had seen deliver "wonderful results" deserving of sentence modification. Tr. at 35.

[9] Ultimately, we cannot say that the trial court abused its discretion in ordering Vastine to serve four years of the previously suspended five-year sentence.

[10] Affirmed.

Kirsch, J., and Pyle, J., concur.