## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 26 2018, 9:05 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Ryan D. Bower
Bower Law Office, LLC
New Albany, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Jesse R. Drum
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| David D. Coleman, *Appellant-Defendant,* | December 26, 2018 |
| | Court of Appeals Case No. 18A-CR-1014 |
| v. | Appeal from the Orange Circuit Court |
| State of Indiana, *Appellee-Plaintiff.* | The Honorable Steven L. Owen, Judge |
| | Trial Court Cause No. 59C01-1312-FA-870 |

**Najam, Judge.**

# Statement of the Case

David D. Coleman appeals the trial court's revocation of his probation. Coleman raises three issues for our review, which we restate as follows:

1. Whether the trial court erred when it did not dismiss the State's third notice of probation violation as untimely.

2. Whether the trial court's written order revoking Coleman's probation failed to identify the basis for that revocation.

3. Whether Coleman's argument that his sentence is inappropriate under Indiana Appellate Rule 7(B) is available in this appeal.

We affirm.

# Facts and Procedural History

In December of 2013, the State charged Coleman with three counts of murder and three counts of Class C felony criminal recklessness. Coleman pleaded guilty to the three counts of Class C felony criminal recklessness, and, in exchange, the State dismissed the three counts of murder. The trial court sentenced Coleman to an aggregate term of eight years, which, aside from the time Coleman had already actually served, the court then suspended to formal probation.

Less than one year later, the State filed its first notice of probation violation based on Coleman having committed a new offense of battery. The first notice was later dismissed under a plea agreement in another cause number. Less than

one year after that dismissal, the State filed a second notice of probation violation based on Coleman's failure to report to probation. Coleman admitted to that violation, and the trial court revoked forty-two days of his previously suspended sentence.

[5] The next month, the State filed its third notice of probation violation based on Coleman having committed the new offense of operating a vehicle as a habitual traffic violator. Coleman moved to dismiss the third notice "under the Doctrine of Res Judicata" because, according to Coleman, "the alleged offense . . . could have been alleged in the prior [second] petition." Appellant's App. Vol. 2 at 19-20. After a hearing on the motion to dismiss, the trial court denied Coleman's motion to dismiss because the State had not discovered the violation at the time the court heard and decided the second notice.

[6] At the ensuing fact-finding hearing on the third notice, Coleman renewed his objection to the notice on res judicata grounds, which the court overruled. The State then presented the testimony of Lawrence County Sheriff's Department Officer Caleb Merriman, who testified that he had pulled over a vehicle being operated by Coleman in Lawrence County and that, at that time, Coleman was a habitual traffic violator. The court found that Coleman had violated the terms and conditions of his probation, and the court revoked his probation and ordered him to serve the balance of his previously suspended sentence in the Department of Correction. In its ensuing written order, the court stated, "the State has met [its] burden of proof by a Preponderance of Evidence that the

defendant did violate the order of this Court as set forth in said Petition . . . ." *Id.* at 14. This appeal ensued.

## Discussion and Decision

### *Issue One: Timeliness of the Third Notice*

[7] On appeal, Coleman first asserts that the trial court erred when it revoked his probation because the State's third notice was based on an act that preceded the State's second notice. Insofar as Coleman appears to argue that the trial court erred when it did not apply the doctrine of res judicata, Coleman's argument is not supported by cogent reasoning. *See* Ind. Appellate Rule 46(A)(8)(a). Coleman fails to discuss either the law of res judicata or the evidence most favorable to the trial court's judgment. And, although not addressed by Coleman, the trial court's denial of the motion to dismiss under the doctrine of res judicata is supported by the record. *See Ind. Alcohol & Tobacco Comm'n v. Spirited Sales, LLC*, 79 N.E.3d 371, 381 (Ind. 2017) ("Res judicata applies when a particular issue is adjudicated and then put in issue in a subsequent suit on a different cause of action between the same parties or their privies.") (quotation marks omitted). Accordingly, we cannot say that the trial court erred when it denied Coleman's motion to dismiss under the doctrine of res judicata.

[8] That said, Coleman's actual argument on this issue on appeal is not that the trial court misapplied the doctrine of res judicata but that the State's third notice was untimely under Indiana Code Section 35-38-2-3. Coleman raises this statutory issue for the first time on appeal. "It is well-settled law in Indiana that

a defendant may not argue one ground for objection at trial and then raise new grounds on appeal." *Hitch v. State*, 51 N.E.3d 216, 219 (Ind. 2016) (quotation marks omitted). Accordingly, Coleman has not preserved this issue for our review, and we do not consider it. *See, e.g.*, *Leonard v. State*, 80 N.E.3d 878, 884 n.4 (Ind. 2017).

### Issue Two: Written Order

Coleman next asserts that the trial court violated his due process rights when the court did not identify the basis for its revocation of his probation in its written judgment. We conclude that Coleman has not supported this apparent argument with cogent reasoning and, as such, this issue is waived. App. R. 46(A)(8)(a). Coleman's waiver notwithstanding, the court's written order plainly states that the basis for the court's revocation of his probation was that "the defendant did violate the order of this Court as set forth in said Petition . . . ." Appellant's App. Vol. 2 at 14. We affirm the court's judgment on this issue.

### Issue Three: Appellate Rule 7(B)

Last, Coleman asserts that the court's imposition of the balance of his previously suspended sentence is inappropriate under Indiana Appellate Rule 7(B). However, Rule 7(B) "is not the correct standard to apply when reviewing a sentence imposed for a probation violation." *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). Accordingly, we cannot consider Coleman's request to review and revise his sentence.

In sum, we affirm the trial court's judgment.

Affirmed.

Pyle, J., and Altice, J., concur.