## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 31 2019, 8:35 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Cara Schaefer Wieneke
Wieneke Law Office, LLC
Brooklyn, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Josiah Swinney
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jody A. Bush, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | January 31, 2019 <br><br> Court of Appeals Case No. 18A-CR-1908 <br><br> Appeal from the Vigo Superior Court <br><br> The Honorable John T. Roach, Judge <br><br> Trial Court Cause Nos. <br> 84D01-1609-F6-2453 <br> 84D01-1701-F6-0327 |

**Baker, Judge.**

[1] Jody Bush appeals the sanction imposed after the trial court revoked his probation, arguing that it was erroneous to order that he serve the balance of his previously suspended sentence in the Department of Correction (DOC). Finding no error, we affirm.

[2] On July 3, 2017, Bush pleaded guilty to Level 6 felony fraud under one cause and to Level 6 felony possession of marijuana under another cause. On the same day, the trial court sentenced Bush to an aggregate term of four years, fully suspended to probation.

[3] In less than two months, the probation department filed a notice of probation violation after Bush twice tested positive for amphetamines, methamphetamine, and THC; failed to comply with his call-in protocol; failed to take six drug screens; failed to report for a substance abuse assessment; and failed to comply with the Department of Child Services (DCS), which was involved with Bush and his family. Before the violation hearing, the probation department filed an amended notice of probation violation, indicating that Bush had failed five additional drug screens. The trial court found that Bush had violated probation but ordered that he continue with probation.

[4] Nine days later, the probation department filed second and third notices of violation, reporting seven additional failed drug screens. The trial court ordered Bush to continue with probation so that he could schedule a foot surgery. He did not schedule the surgery. Within a month, the probation department filed a fourth notice of violation, reporting that Bush had failed to report to probation

three times, failed to report for a drug screen, and tested positive for amphetamine and methamphetamine.

[5] At the hearing on the fourth violation notice, Bush's probation officer testified that he did not believe that the local addiction center would provide Bush with the needed level of assistance. He also testified that based on Bush's lack of compliance over seven months of probation, he did not believe that Bush could be successful on probation. The trial court revoked probation and ordered that Bush serve the balance of his previously suspended sentence. The trial court recommended placement in the Purposeful Incarceration program and agreed to consider a modification upon successful treatment and participation. Bush now appeals.

[6] Probation is a matter of grace left to trial court discretion rather than a right to which a defendant is entitled. *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). The trial court determines the conditions of probation and if the conditions are violated, the trial court may revoke probation. *Id.* The judge has "considerable leeway in deciding how to proceed," and we will reverse only if the decision is clearly against the logic and effect of the facts and circumstances. *Id.*

[7] Bush argues that he is struggling with addiction, which is patently true. He points out that it is not uncommon for people dealing with an addiction to relapse, which is also true. And while we sympathize with his struggles with both addiction and mental health issues, the simple fact is that the evidence in the record establishes that he is unlikely to succeed on probation at this time. In

seven months of probation, he failed twenty-five drug tests, regularly missed required probation calls, failed to report to probation, and missed a court ordered substance abuse assessment. His probation officer testified that in his opinion, the local addiction treatment options were not suitable for Bush and that Bush would not succeed on probation.

[8]     The trial court took Bush's struggles into account by recommending that he complete the Purposeful Incarceration program and indicating its willingness to modify the sentence upon successful participation and treatment. Given this record, we find that the trial court did not err by ordering that Bush serve the balance of his previously suspended sentence.

[9]     The judgment of the trial court is affirmed.

May, J., and Tavitas, J., concur.