ATTORNEY FOR APPELLANT
Jeffrey D. Stonebraker
Jeffersonville, Indiana

ATTORNEYS FOR APPELLEE
Steve Carter
Attorney General of Indiana

Ellen H. Meilaender
Deputy Attorney General
Indianapolis, Indiana

# In the
# Indiana Supreme Court

_____

No. 10S04-0707-CR-294

RUSSELL PREWITT,

*Appellant (Defendant Below),*

v.

STATE OF INDIANA,

*Appellee (Plaintiff Below).*

_____

Appeal from the Clark Superior Court, No. 10D02-0001-CF-017
The Honorable Cecile A. Blau, Judge

_____

On Petition To Transfer from the Indiana Court of Appeals, No. 10A04-0610-CR-589

_____

**December 18, 2007**

**Shepard, Chief Justice.**

The question here is whether the provisions of the Indiana Code governing probation violations permit a trial judge to order execution of one portion of a previously suspended sentence and continuation of another portion as probation under modified terms. We hold that such a disposition is within a court's statutory authority. The appropriate standard to apply when reviewing a sentence imposed for a probation violation is abuse of discretion.

**Facts and Procedural History**

In January 2001, Russell Prewitt was convicted of attempted possession of cocaine. The court sentenced him to a fixed term of sixteen years, with six years suspended under terms of probation. His terms of probation included participation in a halfway house program for 90 days and other conditions as deemed necessary by his probation officer.

Prewitt began serving his probation in July 2005. On October 11, 2005, the State petitioned to revoke Prewitt's probation, alleging that he had failed to complete the halfway house program. On November 21, 2005, the State and Prewitt reached an agreement in which Prewitt was sentenced to his time already served, ordered to complete the halfway house program, and ordered to continue reporting to the probation department. A week later, the State filed a second petition to revoke, alleging that Prewitt had violated the terms of his probation by committing public intoxication and criminal trespass and by failing to complete the halfway house program. On January 30, 2006, the trial court held an evidentiary hearing, at which Prewitt admitted a violation of probation. The court ordered that Prewitt remain incarcerated until "such time as he is able to enter and complete a half-way house."

On April 18, 2006, the director of the halfway house sent Prewitt's probation officer a letter indicating that Prewitt had again not complied with the halfway house program. Prewitt had left the halfway house after only sixty-seven days despite being told by the program director that he was expected to stay ninety days. On April 24, 2006, the State filed a third petition to revoke Prewitt's probation, for failure to complete the halfway house program.

The court heard this third petition on June 12, 2006. After the trial court found that Prewitt had violated his probation, it ordered that he serve two years of his previously suspended sentence and that he receive post-incarceration treatment at Richmond State Hospital as a new condition of probation.

On appeal, Prewitt argues that the trial court did not have authority both to execute a portion of his previously suspended sentence and to modify the conditions of probation. The Court of Appeals agreed and reversed, directing that Prewitt be resentenced. Prewitt v. State, 865 N.E.2d 669 (Ind. Ct. App. 2007). We granted transfer.

## I. Sentencing Options for Probation Violations

Prewitt's appeal turns on the subsection of the Code that governs the disposition of probation violations. It says:

> If the court finds that the person has violated a condition at any time before termination of the period, and the petition to revoke is filed within the probationary period, the court may:
>
> > (1) continue the person on probation, with or without modifying or enlarging the conditions;
> >
> > (2) extend the person's probationary period for not more than one (1) year beyond the original probationary period; or
> >
> > (3) order execution of all or part of the sentence that was suspended at the time of initial sentencing.

Ind. Code Ann. § 35-38-2-3(g) (West 2007). The trial court ordered execution of a portion of Prewitt's suspended sentence under subsection (g)(3) and modified Prewitt's conditions of probation under subsection (g)(1) by ordering Prewitt to enter Richmond State Hospital upon his release. Because the subsections in section 3(g) are connected by the word "or," Prewitt contends that the trial court can order only one of the three alternatives, relying on the commonplace proposition that "or" is a word normally meant to convey disjunctive choices.

The best evidence of legislative intent is surely the language of the statute itself, and courts strive to give the words in a statute their plain and ordinary meaning. A statute should be examined as a whole, avoiding excessive reliance upon a strict literal meaning or the selective reading of individual words. Sales v. State, 723 N.E.2d 416 (Ind. 2000). The Court presumes that the legislature intended for the statutory language to be applied in a logical manner

3

consistent with the statute's underlying policy and goals. B.K.C. v. State, 781 N.E.2d 1157 (Ind. Ct. App. 2003).

Whereas the disjunctive "or" normally expresses a legislative intent that only one of the enumerated options is permitted, we have recognized that this normal interpretation of the disjunctive should not be followed rigidly in all cases. For example, in Dague v. Piper Aircraft Corp., 418 N.E.2d 207 (Ind. 1981), we interpreted a product liability statute of limitations that used the disjunctive "or" as if the statute had instead used the conjunctive "and." Id. at 211. In doing so, we stated, "the term 'or' should not be given its ordinary meaning when such an application flies in the face of a clearly contrary legislative intent. . . . Moreover, we are at liberty to make minor substitutions of words where necessary to give vitality to the legislative intent." Id. Likewise, in Ind. Dept. of State Rev. v. Stark-Wetzel & Co., 276 N.E.2d 904 (Ind. Ct. App. 1971), the Court of Appeals held that the word "and" should not be interpreted in a conjunctive sense, citing a widely-accepted rule of statutory construction:

> [T]he courts have the power to change and will change "and" to "or" and vice versa, whenever such conversion is required by the context, or is necessary to harmonize the provisions of a statute and give effect to all of its provisions, or save it from unconstitutionality, or, in general, to effect the obvious intention of the legislature.

Id. at 910. This is an approach of some antiquity. See, e.g., State v. Myers, 44 N.E. 801 (Ind. 1896) ("[w]here the legislative sense is plain, the exact grammatical construction and propriety of language may be disregarded. In obedience to this rule, courts have frequently interpreted 'and' as meaning 'or,' and vice versa.").

The context and historic practice within which the legislature wrote subsection 3(g) leads us to reject Prewitt's argument. Judicial practice in Indiana has been to authorize creative and case-specific sentences for offenders in the probationary context, striving to provide the most effective sentences possible. For example, Ind. Code § 35-38-2-2.3 explicitly provides trial courts with many combinable options for fashioning appropriate conditions of probations for defendants. We cannot postulate a reason the legislature would grant trial courts discretion to combine conditions when first placing a defendant on probation but not when sentencing a defendant after a probation violation.

4

If anything, the legislative message of recent decades has been to encourage judicial flexibility. This very portion of the Code was twice amended in response to judicial decisions holding that the statute constrained the sentencing judge in one way or another.

For example, after our Court of Appeals held in Hoage v. State, 479 N.E.2d 1362 (Ind. Ct. App. 1985), that probation could not be extended beyond a crime's statutory maximum sentence, the legislature added Ind. Code § 35-38-2-3(g)(2) permitting courts to impose on probation violators a probationary period up to one year greater than the original probationary period. 1991 Ind. Acts 3008.

More recently, the General Assembly reacted to an appellate decision holding that judges disposing of probation violations could order executed time only for the whole of a suspended sentence rather than for part of it. This holding rested on just two words in subsection 3(g)(3), which then provided that a judge could order execution of "*the sentence* that was suspended." Stephens v. State, 801 N.E.2d 1288, 1292 (Ind. Ct. App. 2004) (emphasis added). We disagreed, holding that the words "the sentence" did not preclude courts from ordering execution of a portion of a previously suspended sentence. Stephens v. State, 818 N.E.2d 936 (Ind. 2004). The legislature subsequently confirmed our reading of the breadth of its intent by amending subsection 3(g)(3) to provide explicitly that courts could order execution of "all or part" of a suspended sentence. 2005 Ind. Acts 1329.

Just as we interpreted Ind. Code § 35-38-2-3(g)(3) broadly in Stephens to effectuate the legislature's intent to provide judges with flexibility in response to probation violations, so also do we interpret the entire subsection broadly to give effect to that intent.

> [F]or probation to be a viable option for Indiana judges, judges must have the ability to move with alacrity to protect public safety when adjudicated offenders violate the conditions of their sentences. . . . The statutory scheme . . . reflects the Legislature's intent that trial courts have the flexibility both to use and to terminate probation when appropriate.

Stephens, 818 N.E.2d at 941-42. We do not perceive the word "or" in this statute as reflecting a legislative decision to put revocation decisions in a straightjacket.

Accordingly, we hold that Indiana Code § 35-38-2-3(g) permits judges to sentence offenders using any one of or any combination of the enumerated options. This serves the public interest by giving judges the ability to order sentences they deem to be most effective and appropriate for individual defendants who violate probation.

## II.    Reasonableness of Sentence

Prewitt also challenges the reasonableness of the sentence imposed for his probation violation. He argues that in reviewing his sentence, we should apply the standard set forth in Indiana Appellate Rule 7(B). This rule provides that a court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." This is not the correct standard to apply when reviewing a sentence imposed for a probation violation.

Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled. Sanders v. State, 825 N.E.2d 952 (Ind. Ct. App. 2005). The trial court determines the conditions of probation and may revoke probation if the conditions are violated. Ind. Code Ann. § 35-38-2-3 (West 2007); Goonen v. State, 705 N.E.2d 209 (Ind. Ct. App. 1999). Once a trial court has exercised its grace by ordering probation rather than incarceration, the judge should have considerable leeway in deciding how to proceed. If this discretion were not afforded to trial courts and sentences were scrutinized too severely on appeal, trial judges might be less inclined to order probation to future defendants. Accordingly, a trial court's sentencing decisions for probation violations are reviewable using the abuse of discretion standard. See Sanders, 825 N.E.2d at 956. An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances. Guillen v. State, 829 N.E.2d 142 (Ind. Ct. App. 2005).

Prewitt argues that the trial court's order to serve two years of his previously suspended sentence and to receive treatment at Richmond State Hospital as a post-incarceration condition of probation was inappropriate because (1) he never received any initial inpatient treatment prior to

6

entering the halfway house program,[1] which Prewitt alleges was the foundation of his rehabilitative plan, and (2) he should have been sentenced to return to probation because he failed to complete twenty-three days at the halfway house but ended up serving forty-six days in jail as a result of his pending petition to revoke.

Prewitt's sentence was not an abuse of discretion. He has repeatedly violated his probation and repeatedly failed to complete the halfway house program. The record is unclear as to why Prewitt did not receive inpatient treatment, but failure to receive inpatient treatment does not excuse him from complying with a court-ordered halfway house program, particularly in light of his multiple opportunities to complete it. Prewitt attempts to minimize his probation violation by alleging that he only left the program twenty-three days early; however, twenty-three days constitutes over twenty-five percent of a ninety-day program. The trial court could certainly conclude from the fact that Prewitt was unwilling or unable to complete his remaining time at the halfway house that he is either still in need of treatment or does not appreciate the gravity of his situation.

Given Prewitt's multiple probation violations, past criminal history, and unwillingness or inability to complete the halfway house program, the trial court acted well within its discretion to order him to serve two years of his previously suspended sentence and to receive treatment at Richmond State Hospital.

**Conclusion**

For the above reasons, we affirm the decision of the trial court.

Dickson, Sullivan, Boehm, and Rucker, JJ., concur.

---

[1] In its initial sentencing order, the court stated that it would "recommend that the last 6 months [of Prewitt's sentence] be spent in Richmond treatment center." (App. at 136.)