**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**DONALD S. EDWARDS**
Columbus, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| STACY I. COTTRILL, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 03A01-1110-CR-471 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE BARTHOLOMEW CIRCUIT COURT
The Honorable Stephen R. Heimann, Judge
Cause Nos.  03C01-0704-FC-750 & 03C01-0704-FC-857

**March 27, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**NAJAM, Judge**

## STATEMENT OF THE CASE

Stacy Cottrill admitted to numerous violations of her probation, and the trial court revoked her probation and ordered her to serve the entire portion of her sentence that was suspended at the time of her initial sentencing. Cottrill now appeals, arguing that the trial court abused its discretion in sentencing her to all four years. We find no abuse of discretion and therefore affirm the trial court.

## FACTS AND PROCEDURAL HISTORY

Following Cottrill's guilty plea in two separate cause numbers to Class C felony fraud on a financial institution, in January 2008 the trial court sentenced Cottrill to eight years with four years suspended on each count, to be served concurrently. The trial court placed Cottrill on probation for four years.

In September 2009, the trial court ordered Cottrill to enter the Community Transition Program because it was in the "best interests of society for [Cottrill] to be placed in the CTP in that the CTP can assist [her] in successfully reintegrating back into society under the supervision of the Community Corrections Department by providing skills training." Appellant's App. p. 67. Cottrill was in this program for three months. Tr. p. 10. Her probation started January 1, 2010. *See id.* at 68.

A year later, on January 14, 2011, the State filed a petition to revoke Cottrill's probation in both cause numbers. The State alleged the following violations: (1) Cottrill tested positive for methamphetamine, cocaine, and cannabinoids in July 2010; (2) she failed to comply with her court-ordered substance-abuse treatment; (3) she was in arrears on drug-screen fees and restitution to the banks, (4) she failed to provide documentation

regarding her current employment; and (5) she failed to attend or reschedule appointments with her probation officer. *Id.* at 68-69; Tr. p. 4-7. Cottrill failed to appear for her February 2011 initial hearing, and a warrant was issued for her arrest. Cottrill was arrested six months later. The State then amended its petition to revoke Cottrill's probation, adding the allegation that she was charged with theft in Ripley County while on probation and that that charge was still pending. Appellant's App. p. 78.

At the October 2011 probation revocation hearing, Cottrill admitted to violating her probation for all of the allegations. *Id.* at 84; Tr. p. 4-7. She asked the trial court to place her on electronic monitoring through community corrections for the remainder of her probation because when she was on electronic monitoring in the CTP, she "passed all drug screens, made all . . . classes, [and] made all . . . appointments." Tr. p. 10. Cottrill added that she "want[ed] treatment" and could become employed. *Id.* at 10-11. Cottrill's probation officer testified that it was very difficult to monitor Cottrill while she was on probation because Cottrill provided numerous addresses but could not be found at any of them. *Id.* at 14-15. The probation officer explained that Cottrill had, for all intents and purposes, been without any supervision since her last probation appointment on October 7, 2010, which was over a year ago. *Id.* at 15. The trial court revoked Cottrill's probation and ordered her "to serve the balance of her sentences of four (4) years in the Indiana Department of Correction[]." Appellant's App. p. 84. This appeal ensued.

## DISCUSSION AND DECISION

Cottrill admitted violating her probation and therefore does not contest the revocation of her probation. Instead, she contends that the trial court abused its discretion

3

in ordering her to serve the entire portion of her sentence that was suspended at the time of her initial sentencing.

Once a trial court has exercised its grace by ordering probation rather than incarceration, "the judge should have considerable leeway in deciding how to proceed." *Prewitt v. State,* 878 N.E.2d 184, 187 (Ind. 2007). If this discretion were not given to trial courts and sentences were scrutinized too severely on appeal, trial judges might be less inclined to order probation. *Id.* Accordingly, a trial court's sentencing decision for a probation violation is reviewable using the abuse of discretion standard. *Id.* An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances. *Id.*

If a trial court finds that a person has violated her probation before termination of the period, the court may order execution of all or part of the sentence that was suspended at the time of initial sentencing. Ind. Code § 35-38-2-3(g). Here, we find that Cottrill's numerous probation violations and history of doing poorly on probation sufficiently support the trial court's decision to order execution of all four years that were suspended at the time of her initial sentencing. The record shows that while Cottrill was on probation in this case, she tested positive for several drugs, failed to complete a drug-treatment program, failed to obtain acceptable employment, was arrested for theft, and failed to stay in contact with the probation department. Notably, this all occurred after the trial court gave Cottrill the opportunity to successfully transition to probation through the CTP. Although Cottrill admitted having a "severe drug problem" and requested treatment, Tr. p. 18, we find particularly relevant that Cottrill did not follow through with

4

her substance-abuse treatment while on probation. While Cottrill requested that she be placed on electronic monitoring through community corrections, considering her numerous probation violations, including her failure to stay in contact with the probation department, the trial court's determination that she be committed to the DOC is well-supported by the evidence. We cannot say that the trial court abused its discretion in ordering Cottrill to serve the entire portion of her previously-suspended sentence in the DOC.

Affirmed.

CRONE, J., and BRADFORD, J., concur.