**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



**FILED**

Jun 28 2012, 8:33 am

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**LEANNA WEISSMANN**
Lawrenceburg, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| TIMOTHY J. CANFIELD, | ) |
| | ) |
| Appellant-Defendant, | ) |
| | ) |
| vs. | ) No. 15A01-1112-CR-576 |
| | ) |
| STATE OF INDIANA, | ) |
| | ) |
| Appellee-Plaintiff. | ) |

APPEAL FROM THE DEARBORN SUPERIOR COURT
The Honorable Jonathan N. Cleary, Judge
Cause No. 15D01-0808-FB-8

**June 28, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**NAJAM, Judge**

## STATEMENT OF THE CASE

Timothy J. Canfield appeals the trial court's imposition of 730 days of his previously suspended sentence following the revocation of his probation. Canfield raises a single issue for our review, namely, whether the trial court abused its discretion when it ordered him to serve 730 days of his previously suspended sentence. We affirm.

## FACTS AND PROCEDURAL HISTORY

On May 28, 2009, Canfield pleaded guilty to burglary, as a Class B felony. Pursuant to his plea agreement, the trial court sentenced Canfield to ten years, with eight years suspended to supervised probation. On June 16, 2010, the State charged Canfield with contributing to the delinquency of a minor, a Class A misdemeanor. As a result of the June 2010 charge, the trial court revoked one year of Canfield's previously suspended sentence, but the court permitted him to serve six months of that one year on in-home detention.

As part of Canfield's in-home detention, he was required to contact the Southeastern Regional Community Corrections Program ("SERCC") if he left work early and when he arrived home from work. Canfield was also required to return directly to his residence if he left work or was released from work early. He began his in-home detention on May 5, 2011.

Less than two months later, on July 1, 2011, SERCC worker Kayla Skipton was in Greendale at about 2:55 in the afternoon checking on another probationer when her scanner picked up the signal from Canfield's ankle bracelet. Canfield later testified that he had passed out at work from heat exhaustion and went to his sister's house in

2

Greendale to borrow money so he could see a doctor. Canfield never saw a doctor, and his employer testified that he did not recall Canfield getting sick that day and that no one had reported Canfield having passed out at work.

The State filed its notice of probation violation on July 14, 2011. Canfield admitted to the violation. In determining Canfield's sanction, the court noted that he had been given an opportunity to serve most of his sentence through alternatives to incarceration despite the seriousness of the underlying offense. The court also noted that this was Canfield's second probation violation. The court then ordered him to serve 730 days of his previously suspended sentence. This appeal ensued.

## DISCUSSION AND DECISION

Canfield appeals the court's order that he serve 730 days of his previously suspended sentence. Once a trial court has exercised its grace by ordering probation rather than incarceration, "the judge should have considerable leeway in deciding how to proceed." Prewitt v. State, 878 N.E.2d 184, 187 (Ind. 2007). If this discretion were not given to trial courts and sentences were scrutinized too severely on appeal, trial judges might be less inclined to order probation. Id. Accordingly, a trial court's sentencing decision for a probation violation is reviewable using the abuse of discretion standard. Id. An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances. Id. If a trial court finds that a person has violated his probation before termination of the period, the court may order execution of all or part of the sentence that was suspended at the time of initial sentencing. Ind. Code § 35-38-2-3(g).

3

Here, Canfield argues that the trial court abused its discretion because "his violation was minor" and the "exact facts of this violation were disputed." Appellant's Br. at 7. Insofar as Canfield's argument on appeal is based on facts not favorable to the judgment, we will not consider his argument. And Canfield's argument that his violation was "minor" ignores the whole point of in-home detention.

Probation, including placement in an in-home detention program, is a matter of grace and a conditional liberty that is a favor, not a right. Cox. v. State, 706 N.E.2d 547, 549 (Ind. 1999). The trial court did not abuse its discretion when it ordered Canfield to serve 730 days of his previously suspended eight years. Canfield admitted to violating SERCC's rules when he left work without informing SERCC and without proceeding directly to his residence. This was his second violation of his probation within one year. And he violated SERCC's rules less than two months after having been given a second chance following his first probation violation. The court's judgment is affirmed.

Affirmed.

RILEY, J., and DARDEN, J., concur.

4