**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**JOHN T. WILSON**
Anderson, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DAISY FLETCHER, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 48A02-1402-CR-129 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MADISON CIRCUIT COURT
The Honorable Thomas Newman, Jr., Judge
Cause No. 48C03-1210-FC-1910

**October 17, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**NAJAM, Judge**

## STATEMENT OF THE CASE

Daisy Fletcher appeals the revocation of her suspended sentence and her placement on home detention. She presents one issue for our review, namely, whether the trial court abused its discretion when it revoked her suspended sentence and placement on home detention and ordered her to serve the remainder of her sentence in the Department of Correction.

We affirm.

## FACTS AND PROCEDURAL HISTORY

Fletcher pleaded guilty to forgery, as a Class C felony. On May 20, 2013, after a sentencing hearing and pursuant to Fletcher's plea agreement, the trial court sentenced Fletcher to eight years, with two years executed in home detention and six years suspended to supervised probation. Subsequently, the State filed a series of notices that alleged Fletcher had violated the terms of her home detention program when she failed to pay the costs of the program; failed to report unemployment; failed to adequately record her whereabouts; was absent from detention without authorization on several occasions; cut off her monitoring bracelet, discarded it, and absconded from detention;[1] and associated with a known felon.

On January 27, 2014, the trial court held an evidentiary hearing on the State's notices, at which Fletcher testified that she had failed to pay costs associated with the home detention program and had fallen into arrears, had failed to adequately record her whereabouts, and had cut off her monitoring bracelet and absconded to Indianapolis. Justin Eubanks, an employee of Madison County Adult Probation, Office of Home

---

[1] For this violation, the State charged Fletcher with criminal escape and theft, both as Class D felonies.

Detention, also testified and corroborated Fletcher's statements. Fletcher stated that she had no excuse for violating the terms of her home detention but believed that she "was being railroaded" and was not "given a fair chance of anything." Tr. at 23. Thereafter, the trial court found that Fletcher "violated the conditions of [her] probation by [a] preponderance of [the] evidence in that she failed to successfully complete in-home detention; she is in arrears; [and] failed to provide daily activity sheets." Appellant's App. at 28. The court then revoked both Fletcher's suspended sentence and her placement in home detention, and it ordered Fletcher to serve the remainder of her eight-year sentence in the Department of Correction. This appeal ensued.

## DISCUSSION AND DECISION

Fletcher contends that the trial court abused its discretion when it revoked her placement in home detention and her suspended sentence. But Indiana Code Section 35-38-2-3(h)(3) states that if the trial court finds that a person has violated a condition of probation at any time before termination of the probation period, the court may "[o]rder execution of all or part of the sentence that was suspended at the time of initial sentencing." And as we have previously stated:

> For purposes of appellate review, we treat a hearing on a petition to revoke a placement in a community corrections program the same as we do a hearing on a petition to revoke probation. Cox v. State, 706 N.E.2d 547, 549 (Ind. 1999). The similarities between the two dictate this approach. Id. Both probation and community corrections programs serve as alternatives to commitment to the DOC and both are made at the sole discretion of the trial court. Id. A defendant is not entitled to serve a sentence in either probation or a community corrections program. Id. Rather, placement in either is a "matter of grace" and a "conditional liberty that is a favor, not a right." Id. (quoting Million v. State, 646 N.E.2d 998, 1002 (Ind. Ct. App. 1995) (internal quotation omitted)).

Holmes v. State, 923 N.E.2d 479, 482 (Ind. Ct. App. 2010). Thus,

3

[o]nce a trial court has exercised its grace by ordering probation rather than incarceration, the judge should have considerable leeway in deciding how to proceed. If this discretion were not afforded to trial courts and sentences were scrutinized too severely on appeal, trial judges might be less inclined to order probation to future defendants. Accordingly, a trial court's sentencing decisions for probation violations are reviewable using the abuse of discretion standard. An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances.

Prewitt v. State, 878 N.E.2d 184, 188 (Ind. 2007) (citations omitted). Further:

A probation hearing is civil in nature and the State need only prove the alleged violations by a preponderance of the evidence. We will consider all the evidence most favorable to supporting the judgment of the trial court without reweighing that evidence or judging the credibility of the witnesses. If there is substantial evidence of probative value to support the trial court's conclusion that a defendant has violated any terms of probation, we will affirm its decision to revoke probation.

Holmes, 923 N.E.2d at 483 (citations omitted).

The trial court relied on substantial evidence when it determined, by a preponderance of the evidence, that Fletcher violated the conditions of her home detention. Fletcher testified that she had failed to make payments on the home detention fees, had failed to keep adequate records of her whereabouts, and had absconded from home detention without authorization. Eubanks testified similarly. Fletcher offered no reason for her violations but stated only that she felt "railroaded" by the system. Tr. at 23. We hold that the trial court did not abuse its discretion when it revoked Fletcher's suspended sentence and placement in home detention and ordered that she serve the remainder of her sentence in the DOC.

Affirmed.

BAILEY, J., and PYLE, J., concur.