BRADFORD, Judge,
dissenting.
[17] Because I believe that the State presented sufficient evidence to prove that Jackson violated the terms of her probation, I respectfully dissent from the majority’s conclusion otherwise.
[18] The terms of Jackson’s probation are as follows: “Violation of any law (city, state, or federal) is a violation of your probation; within forty-eight hours of being arrested or charged with a new criminal offense, you must contact your Probation Officer.” Appellant’s App. p. 30. The language of the probation term creates two independent duties — first, to abstain from illegal activity, and second, to report any new arrests or charges. Stated different *156 ly, the reporting requirement is independent of the requirement that Jackson abstain from illegal activity. Based upon this requirement, Jackson violated the terms of her probation by waiting approximately thirty days to inform her probation officer that she had been arrested and charged with a new crime on February 19, 2014.
[19] Although the underlying criminal actions that are alleged in the new criminal charges may have taken place prior to the date that Jackson was placed on probation in the instant matter, Jackson was not alleged to have violated the terms of her probation by committing a new criminal act. Rather, Jackson was alleged to have violated the terms of her probation by failing to comply with the requirement that she notify her probation officer within forty-eight hours of being arrested for or charged with a new criminal offense. The specific language setting forth the notice requirement, which again is separate from the requirement that one not commit a new criminal act, is not specifically limited to arrests or charges relating to criminal acts occurring after the probationary term began.
[20] Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled. The trial court determines the conditions of probation and may revoke probation if the conditions are violated. Once a trial court has exercised its grace by ordering probation rather than incarceration, the judge should have considerable leeway in deciding how to proceed. If this discretion were not afforded to trial courts and sentences were scrutinized too severely on appeal, trial judges might be less inclined to order probation to future defendants.
Prewitt v. State, 878 N.E.2d 184, 188 (Ind.2007) (citations and quotation marks omitted). A condition of probation which requires a probationer to notify her probation officer upon arrest or being charged with ■ a new criminal offense serves the State’s legitimate interest in monitoring and supervising a probationer. Based upon a fair and plain reading of the probation condition that is at issue in this case, the State presented sufficient evidence to prove that Jackson had violated the terms of her probation by failing to notify her probation officer within forty-eight hours of being arrested for and charged with child molesting. Accordingly, I would therefore vote to affirm the judgment of the trial court.