## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 21 2019, 7:45 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Steven E. Ripstra
Ripstra Law Office
Jasper, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Ian McLean
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Justin Hoskins,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

June 21, 2019

Court of Appeals Case No.
19A-CR-7

Appeal from the Martin Circuit Court

The Honorable Lynne E. Ellis, Judge

Trial Court Cause No.
51C01-1708-F6-182

**Baker, Judge.**

[1] Justin Hoskins appeals the trial court's order revoking his probation, arguing that the trial court erred by ordering that he serve a portion of his previously suspended sentence in jail and consecutive to another sentence. Finding no error, we affirm.

[2] On January 25, 2018, Hoskins pleaded guilty to Level 6 felony possession of methamphetamine in exchange for a sentence of 547 days, with 505 days suspended and 16 months on probation. His conditional release on probation began that same day.

[3] Less than four months later, on April 12, 2018, Hoskins tested positive for methamphetamine and alcohol use. On June 11, 2018, he committed Class C misdemeanor operating while intoxicated in Orange County. On June 13, 2018, he tested positive for methamphetamine. On June 24, 2018, he failed to appear for a probation appointment. On August 10, 2018, the State filed a petition to revoke Hoskins's probation.

[4] On August 15, 2018, Hoskins was charged with Class A misdemeanor driving while suspended in Lawrence County.[1] He later failed to appear for a hearing in that case and a warrant was issued for his arrest. That warrant was still outstanding when, on September 7, 2018, Hoskins was arrested on the warrant issued for the probation revocation petition in this case. On August 22, 2018, he received a suspended sentence in the Orange County case; a petition to

---

[1] That charge was still pending at the time of the probation revocation hearing in this case.

revoke probation in that case was pending during the hearing on Hoskins's probation in this case.

[5] At an October 11, 2018, hearing, Hoskins admitted to the allegations of the petition to revoke his probation. An evidentiary hearing took place regarding the sanction to be imposed by the trial court for the allegations. After hearing evidence and argument, the trial court revoked his previously suspended sentence, ordering him to remain in jail until January 15, 2019, after which he would be eligible to be released to community corrections. His sentence was to be served consecutively to his sentences in the operating while intoxicated and driving while suspended cases. Hoskins now appeals.

[6] Probation is a matter of grace left to trial court discretion rather than a right to which a defendant is entitled. *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). The trial court determines the conditions of probation, and if the conditions are violated, the trial court may revoke probation. *Id.* The judge has "considerable leeway in deciding how to proceed," and we will reverse only if the decision is clearly against the logic and effect of the facts and circumstances. *Id.*

[7] Hoskins began regularly violating the terms of his probation in April 2018, and his violations continued unabated until he was finally arrested. His explanation for his actions was, essentially, to blame Orange County court personnel and the fact that he was "freaking out" about his girlfriend's pregnancy. Tr. Vol. II p. 40. He told the trial court that he was ready to turn his life around and make better choices, given the impending birth of his child, but the trial court was free

to discount this claim given the history of Hoskins's behavior while on probation. Likewise, the trial court was free to consider Hoskins's claims that he has participated in substance abuse treatment in the past, has qualified to become a volunteer fire fighter, intends to seek new friends, and believes he can successfully resolve his other legal problems, as well as the probation department's recommendation that Hoskins serve his time on home detention, in light of his repeated and continual violations of probation in this case.

[8] We find that the trial court did not err by revoking probation or ordering Hoskins to serve a portion of his previously suspended sentence.

[9] The judgment of the trial court is affirmed.


Najam, J., and Robb, J., concur.