## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 27 2019, 11:01 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Jane Ann Noblitt
Columbus, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Tiffany A. McCoy
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Michael D. Sample, Sr., <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | November 27, 2019 <br><br> Court of Appeals Case No. <br> 19A-CR-1552 <br><br> Appeal from the <br> Bartholomew Superior Court <br><br> The Honorable <br> James D. Worton, Judge <br><br> Trial Court Cause No. <br> 03D01-1312-FA-6443 |

**Vaidik, Chief Judge.**

# Case Summary

[1] Michael D. Sample Sr. appeals the trial court's order requiring him to serve all his suspended time after he admitted violating his probation. We affirm.

# Facts and Procedural History

[2] In December 2013, the State charged Sample with Class A felony dealing in methamphetamine and Class D felony maintaining a common nuisance. The next year, Sample pled guilty to the reduced charge of Class B felony dealing in methamphetamine, and the trial court sentenced him to sixteen years, with twelve years to serve in the Department of Correction and four years suspended to probation. In 2015, the trial court modified Sample's sentence to six years to serve with Community Corrections and ten years suspended to probation. In early 2016 and again in early 2018, Sample was found to have violated the terms of probation—the first time by using meth, the second time by failing to report—but on both occasions the trial court ordered Sample to work release instead of sending him back to the DOC.

[3] Then, in January 2019, the State filed its third petition to revoke Sample's probation, alleging that he had once again used meth. Sample admitted that allegation, and the trial court ordered him to serve the remainder of his sentence—nearly 9 years—in the DOC.

[4] Sample now appeals.

# Discussion and Decision

[5] Sample contends that the trial court should not have ordered him to serve the remainder of his sentence in the DOC. Trial courts enjoy broad discretion in determining the appropriate sanction for a probation violation, and we review only for an abuse of that discretion. *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007).

[6] Sample's argument is very narrow. He asserts that the trial court "abused its discretion in issuing its determination by not taking into consideration the testimony [Sample] provided at the disposition hearing." Appellant's Br. p. 9. He notes that he testified that: (1) "he had been contending with several struggles in his relationships and recovery and was attempting to handle those struggles (and avoid a relapse) the best he could given the circumstances"; (2) he had a "tumultuous relationship with his live-in girlfriend, who is also an addict," and "filed a restraining order against her and insisted she move out"; (3) he "went to the hospital for help and started going to church, with the goal of providing his family a new kind of lifestyle, which would include God and getting clean and sober"; (4) his girlfriend attempted suicide after he ended their relationship; (5) he has made great progress in his work toward sobriety; (6) his recent actions show "maturity and commitment" in his recovery; and (7) he wants to serve as a caretaker for his ill mother and as a "stable presence" for his mentally ill son. *Id.* at 9-10.

[7]     There are three problems with Sample's argument.  First, he doesn't cite anything to support his claim that the trial court did not take his testimony into consideration.  Second, even if we assume that the trial court did not take his testimony into consideration, it was the trial court's job to judge Sample's credibility, not ours.  *See Woods v. State*, 892 N.E.2d 637, 639 (Ind. 2008).  And third, even if the trial court believed Sample's testimony, his record in this case—which he fails to even acknowledge in his argument—more than supports the trial court's decision to return him to the DOC for the remainder of his sentence.  The trial court displayed leniency when it suspended four years of Sample's original sentence to probation, despite Sample apparently having multiple prior felony convictions.  *See* Tr. p. 38.  It did so again when it significantly modified the sentence in late 2015, ordering that Sample be immediately released from the DOC.  Within a matter of months, however, Sample violated his probation by using meth.  The trial court could have sent Sample back to the DOC then, but it did not, instead choosing to order him to work release.  Two years later, in early 2018, Sample was found to have violated his probation a second time by failing to report.  Again, the trial court could have returned him to the DOC, but it allowed him to stay on work release.  Sample failed to take advantage of the court's continued leniency and once again violated his probation by using meth.  As we see it, Sample has had more than three years to try to get on track outside the DOC and has failed badly.  The trial court exercised great restraint during that time and was entirely justified in finally sending Sample back to the DOC to serve out his sentence.

[8]     Affirmed.

Najam, J., and Tavitas, J., concur.