## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jan 31 2020, 10:17 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Kay A. Beehler
Terre Haute, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Catherine Brizzi
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Benjamin David Stein, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | January 31, 2020 <br><br> Court of Appeals Case No. 19A-CR-1841 <br><br> Appeal from the Fountain Circuit Court <br><br> The Honorable Stephanie S. Campbell, Judge <br><br> Trial Court Cause No. 23C01-1605-F6-163 |

**Pyle, Judge.**

# Statement of the Case

[1] Benjamin Stein ("Stein") appeals the trial court's judgment ordering him to serve the balance of his previously suspended sentence after he violated probation. Finding no abuse of the trial court's discretion, we affirm the trial court's judgment.

[2] We affirm.

# Issue

> Whether the trial court abused its discretion in ordering Stein to serve the balance of his previous suspended sentence after he violated probation.

# Facts

[3] In October 2016, Stein pled guilty to two counts of Level 6 felony theft. The following month, the trial court sentenced him to 1190 days of probation. One of the terms of his probation was that he not violate any laws.

[4] In September 2017, the probation department filed a notice of violation alleging that Stein had violated probation by committing the offenses of Class A misdemeanor driving while suspended and Class B misdemeanor leaving the scene of an accident. Stein pled guilty to those offenses and was sentenced to one year of probation. The probation department dismissed the notice of violation.

[5] In March 2019, the probation department filed a second notice of violation alleging that Stein had violated his probation by committing the offenses of residential entry and criminal trespass. Stein pled guilty to Class A misdemeanor criminal trespass in that case.

[6] At a subsequent probation revocation hearing, Stein admitted that he had violated probation when he committed the offense of criminal trespass. He asked the trial court to release him back to probation.

[7] The trial court pointed out that this was Stein's second probation violation and told Stein that it was "just not understanding why you wouldn't have taken this very seriously." (Tr at 23). The trial court ordered Stein to serve the balance of his suspended sentence and explained its decision as follows:

> You made a deal with this Court that you would behave. You had the one that you were convicted of, now another that you are convicted of. All right? And you knew what the consequences were. You absolutely – you know the ropes. You understand how this works. You want to go out and keep committing crimes then this is what's going to happen. A deal is a deal. I say it every day, all day.

(Tr. 24). Stein now appeals the trial court's order that he serve the balance of his suspended sentence.

## Decision

[8] Stein argues that the trial court abused its discretion in ordering him to serve the balance of his previously suspended sentence after he violated probation.

"Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled." *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). Once a trial court has exercised its grace, it has considerable leeway in deciding how to proceed when the conditions of probation are violated. *Id*. If this discretion were not given to trial courts and sentences were scrutinized too severely on appeal, trial courts might be less inclined to order probation. *Id.* Accordingly, a trial court's sentencing decision for a probation violation is reviewable for an abuse of discretion. *Id.* An abuse of discretion occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances. *Id.* If a trial court finds that a person has violated his probation before termination of the probationary period, the court may order execution of all or part of the sentence that was suspended at the time of the initial sentencing. IND. CODE § 35-38-2-3.

[9]     Here, Stein argues that the trial court abused its discretion in ordering him to serve the balance of his previously suspended sentence. However, the trial court pointed out that although Stein had agreed to commit no criminal offenses while on probation, Stein had twice committed additional offenses. In addition, Stein knew the potential consequences for committing those additional offenses. Based on these facts, the trial court's decision to order Stein to serve the balance of his previously suspended sentence is not clearly against the logic and effect of the facts and circumstances before it, and the trial court did not abuse its discretion.

Affirmed.

May, J., and Crone, J., concur.