## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 30 2020, 10:28 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

David W. Stone IV
Anderson, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Matthew B. MacKenzie
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Joshua Elroy Robinson, *Appellant-Defendant,* | March 30, 2020 |
| | Court of Appeals Case No. 19A-CR-1655 |
| v. | Appeal from the Madison Circuit Court |
| State of Indiana, *Appellee-Plaintiff.* | The Honorable Mark Dudley, Judge |
| | Trial Court Cause Nos. 48D01-0708-FA-138 48D01-0801-FC-33 |

**Kirsch, Judge.**

[1] Joshua Elroy Robinson ("Robinson") appeals the sentence the trial court imposed after terminating his participation in Re-Entry Court. Even though

Robinson claims he is raising one issue on appeal, he in fact raises two issues, which we restate as:

I.    Whether sufficient evidence supported his termination from Re-Entry Court;[1] and

II.   Whether we should remand this case for resentencing because in ordering Robinson to serve his remaining sentence in the Department of Correction, the trial court erroneously concluded that it had no discretion regarding what sentence to impose.

We affirm.

## Facts and Procedural History

On May 23, 2008, Robinson was convicted under cause number 48D01-0708-FA-138 of Class A felony possession of cocaine with intent to deal, Class A misdemeanor resisting law enforcement, and Class C misdemeanor operating without ever receiving a license ("Case 138"). *Appellant's App. Vol. II* at 5, 84-86. On June 23, 2008, he was sentenced to an aggregate term of thirty-five years with twenty-five years executed in the Indiana Department of Correction ("DOC") and ten years suspended to probation. *Id.* at 105-06. About eleven weeks later, Robinson was sentenced in a different case, cause number 48D01-0801-FC-33, ("Case 33") to three years for Class D felony possession of

---

[1] We recognize that Robinson's prayer for relief does not ask us to reverse his termination from Re-Entry Court, but we address the sufficiency-of-evidence issue because Robinson devotes two pages of his brief to this issue.

cocaine; Robinson was ordered to serve this sentence consecutively to the sentence imposed for this case. *Id.* at 124.

[4] On May 16, 2016, Robinson filed a petition to modify sentence in both Case 138 and Case 33, and on June 8, 2016, the trial court denied Robinson's petition to modify. *Id.* at 9, 125-26. On June 26, 2017, Robinson filed an amended petition to modify sentence ("amended petition to modify"), again in both Case 138 and Case 33, and on August 14, 2017, Judge Mark Dudley ("Judge Dudley") granted the amended petition to modify. *Id.* at 137-38, 142. Judge Dudley stayed the balance of Robinson's executed sentence in both Case 138 and Case 33 and ordered Robinson to participate in and successfully complete Madison County Re-Entry Court ("REC"), and if Robinson did not successfully complete REC, "he [would be] transported back to the [DOC] to complete his sentences." *Id.* at 142. Robinson signed the Madison County Participation Agreement ("the Participation Agreement"), which required him to obey fifteen rules, including:

> 1) I will report as directed. I will keep all appointments for . . . [t]reatment[, and a]ll other appointments ordered by the [c]ourt.
>
> . . . .
>
> 5) I will obey all city, state, and federal laws. If I take part in a criminal act, I may be terminated from participating in [REC]. . . .
>
> . . . .

10)  I will consult [with] my probation officer and/or case
manager before I make any changes in address, phone number,
or employment.  It is my responsibility to notify the Court if my
employment or contact information changes.

*Id*. at 143-48.

[5]  At some point, a protective order was issued that prohibited Robinson from contacting his girlfriend, Ronica Cantrell ("Cantrell").  *Id*. at 15, 152.  On April 13, 2019, Case Manager Jason Dillmon ("Dillmon") and Detective L. Dwiggins ("Dwiggins") attempted to conduct a curfew check at Robinson's home, but Robinson was not there.  *Id.* at 151.  Robinson's mail had not been gathered for several days.  *Id.*  Dillmon left a note on Robinson's door, instructing him to contact Dillmon.  *Id.*  Dillmon went to Robinson's place of employment and concluded that Robinson was not there because Robinson's vehicle was not there.  *Id.*  Dwiggins then drove by Cantrell's residence to see if Robinson's vehicle was in the area, but Robinson's only known vehicle was not there.  *Id.*  However, a newer white GMC Yukon was parked at Cantrell's residence.  *Id.*  Dwiggins eventually determined that the vehicle belonged to Robinson.  *Id.*  Robinson had not informed Dillmon that he had a new vehicle. *Id*.

[6]  On April 18, 2019, Judge Andrea Warner Sims ("Judge Sims") issued a hold order, directing the Sheriff of Madison County to incarcerate Robinson because of a possible violation of REC rules based on the events of April 13, 2019.  *Id*. at 149.  On the same day that the hold order was issued, Robinson appeared

before Judge Sims and admitted that: 1) he had received the written note that Dillmon left at Robinson's residence; 2) he did not follow the directions on the written note; and 3) he had lied to Judge Sims earlier in the hearing when he claimed he did not have a new vehicle. *Id*. at 151.

[7] On April 25, 2019, Robinson again appeared before Judge Sims and admitted that: 1) he had not told Dillmon that a protective order had been issued against him; 2) he had lied to Judge Sims when he had claimed to have contacted Dillmon the day after receiving Dillmon's note; and 3) he had lied to Judge Sims when he had claimed he was home at the time of the curfew check when he was actually at Cantrell's home, where his new vehicle was found. *Id*. at 152; *Tr. Vol. II* at 8-19. On May 10, 2019, Dillmon filed a Notice of Termination Request, alleging that Robinson had failed to comply with the REC requirements. *Appellant's App. Vol. II* at 150. Along with the notice, Dillmon submitted an infraction sheet, which chronicled Robinson's failed drug screens, missed case management appointments, details about Dillon's unsuccessful curfew check on Robinson on April 13, 2019, and Robinson's admissions at the hearings before Judge Sims. *Id*. at 151.

[8] On June 7, 2019, Robinson appeared before Judge Dudley and admitted that: 1) he was not home on April 13, 2019 during the curfew check;, 2) he lied to Judge Sims when asked about that; 3) he lied to REC staff when he claimed to have called them the day after the curfew check; and 4) lying under oath constituted the crime of perjury. *Tr. Vol. II* at 8-19. Dillmon, after recommending that Judge Dudley terminate Robinson from REC, also

recommended that Judge Dudley not place Robinson in community corrections because community corrections would not offer options that REC had provided. *Id*. at 31-32.

[9] Before sanctioning Robinson, Judge Dudley stated:

> I'm the one that did the modification order. Now I don't know why I did it that way it should have been probation and make it a term and I'm given more flexibility. . . . And so I don't have a modification request. I don't think I have any ability or authority to do anything other than lift the stay [of Robinson's sentence] today.

*Id*. at 40. Judge Dudley ordered Robinson to serve the remainder of his sentences for both Case 138 and Case 33 in the DOC. *Id*. at 43-44. However, Judge Dudley found that the modification order allowed him to reduce Robinson's supervised probation in Case 138 from ten years to five years, so Judge Dudley reduced Robinson's supervised probation in Case 138 accordingly. *Id*. at 45. Robinson now appeals.

## Discussion and Decision

[10] Community corrections programs include "reentry court," which is a "problem solving court focused on the needs of individuals who reenter the community after a period of incarceration and that may provide a range of necessary reintegration services for eligible individuals." Ind. Code § 33-23-16-9; Ind. Code § 35-38-2.6-2. Community corrections is an alternative to commitment to the DOC and referral to such programs is a matter of trial court discretion.

*Johnson v. State*, 62 N.E.3d 1224, 1229 (Ind. Ct. App. 2016). We review a decision to terminate a person's participation in a community-corrections program the same way we review a trial court's decision to revoke a person's probation. *Id.* at 1229-30. We determine whether the evidence most favorable to the trial court's ruling supports its determination that the State proved by preponderance that the person violated one or more conditions of their community corrections program. *Id.* We will not reweigh the evidence or judge the credibility of witnesses, and if there is substantial evidence of probative value to support the trial court's decision, we will affirm its decision to terminate a person's participation in a community-corrections program. *Id.* Similarly, a trial court's sentencing decisions for such violations are also reviewable using the abuse of discretion standard. *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007).

# I. Sufficiency of Evidence

[11] Robinson first argues that the State failed to present sufficient evidence to prove that he violated the rules of the REC program. Specifically, he contends that in revoking Robinson from REC, Judge Dudley relied on actions that REC rules did not prohibit, such as Robinson's failure to tell Dillmon that he had purchased a new vehicle. However, we do not address this specific claim because the State proved that some of Robinson's actions did violate REC rules, including Robinson's numerous lies when he testified under oath. Robinson admits he lied. *Appellant's Br.* at 11. Among other things, Robinson lied when he testified before Judge Sims that he was actually at home when Dillmon came

to Robinson's home for a curfew check and also lied to Judge Sims when he claimed to have called Dillmon the day after the curfew check. *Tr. Vol. II* at 10, 11, 16. Robinson testified that he knew that lying under oath was perjury, and that perjury was a crime. *Id.* A person commits perjury, a Level 6 felony, if he "makes a false, material statement under oath or affirmation, knowing the statement to be false or not believing it to be true." Ind. Code § 35-44.1-2-1. Thus, the State proved by preponderance of the evidence that Robinson committed perjury and thus violated Rule 5 of the Participation Agreement, which required Robinson to "obey all city, state, and federal laws." *Appellant's App. Vol. II* at 145. The State also proved by a preponderance of evidence that Robinson violated Rule 1 of the Participation Agreement by showing that Robinson missed several drug screens and that he violated Rule 10 of the Participation Agreement by not telling his case manager that he had moved from his residence to his girlfriend's home. *Tr. Vol. II* at 8-9. Thus, the State presented sufficient evidence that Robinson violated the rules of REC and was subject to termination from REC.

## II. Trial Court's Discretion Regarding Sanction

[12] Robinson argues that Judge Dudley abused his discretion by ordering Robinson to serve the remainder of his sentence in the DOC because Judge Dudley erroneously concluded that his order that granted Robinson's amended petition to modify sentence left him no other choice. Robinson cites Judge Dudley's statements, in which Judge Dudley said the order that granted Robinson's amended petition for modification left him no choice but to order Robinson to

serve his full sentence in the DOC. *Id.* at 40. In support, Robinson directs us to *Woods v. State*, 892 N.E.2d 637 (Ind. 2008); *Hampton v. State*, 71 N.E.3d 1165 (Ind. Ct. App. 2017), *trans. denied*; and *Sullivan v. State*, 56 N.E.3d 1157 (Ind. Ct. App. 2016). Robinson is correct that these cases hold that a trial court errs in determining that it has no discretion in imposing a sanction for probation violations where a plea agreement or prior order of a trial court appears to take away a trial court's discretion in imposing a sanction. *Woods*, 892 N.E.2d at 641-42; *Hampton*, 71 N.E.3d at 1173-74; *Sullivan*, 56 N.E.3d at 1161-62. Thus, Robinson asks us to remand this matter for re-sentencing.

[13] However, these cases do not bear on our disposition of this appeal because Judge Dudley did, in fact, exercise discretion when he sanctioned Robinson. While we acknowledge that some of Judge Dudley's statements would appear to indicate he exercised no discretion, other statements by Judge Dudley indicate that he did, in fact, exercise discretion when he sanctioned Robinson. This exercise of discretion is most evident when Judge Dudley considered Robinson's lack of honesty and the nature of his violations of REC rules:

> [I] . . . understand that there has been a lot of talk about *honesty* and being truthful and *I've put a very high premium on that*. . . . Why do I do that? And I'm not going to give you the full half hour speech but . . . so you have understanding why I put such importance on it is um *honesty is a hallmark of a rehabilitated life. Honesty* with the very people that are there to help you is a hallmark of a rehabilitated life. . . . What I have is . . . is *a clear violation of the rules*. And it's a *big* violation of the rules. The *honesty* with the Court, *honesty* with your case manager. *And it wasn't just an isolated one (1) time in front of Judge Sims* when she

caught you then you fessed up. *You also lied to Mr. Dillmon* at the time. And so you had time to contemplate you know I've already lied to Mr. Dillmon should I just keep doing this or should I be honest. *You kept lying. And so that's not a hallmark of a rehabilitated life*.

*Tr. Vol. II* at 43-44 (emphasis added). This language shows that Judge Dudley weighed heavily Robinson's repeated lying. The decision to cite this factor and to weigh it heavily, calling it "a big violation of the rules," *tr. vol. II* at 44, was within Judge Dudley's discretion. *See Johnson*, 62 N.E.3d at 1229-30. Thus, we reject Robinson's argument that Judge Dudley failed to exercise discretion in sentencing Robinson and, accordingly, deny Robinson's request that we remand this case for resentencing.

[14] Affirmed.

Bailey, J., and Mathias, J., concur.