## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEY FOR APPELLANT

Brandon E. Murphy
Cannon Burns & Murphy, LLC
Muncie, Indiana

ATTORNEY FOR APPELLEE

Tina L. Mann
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Richard N. Smith, Jr., *Appellant-Defendant,* | June 17, 2020 |
| v. | Court of Appeals Case No. 20A-CR-199 |
| | Appeal from the Delaware Circuit Court |
| State of Indiana, *Appellee-Plaintiff.* | The Honorable Kimberly S. Dowling, Judge |
| | Trial Court Cause No. 18C02-1308-FA-13 |

**Bradford, Chief Judge.**

# Case Summary

[1]    After being convicted of Class A felony dealing in cocaine, Richard Smith, Jr. was sentenced to a twenty-year term of incarceration in the Department of Correction ("DOC"). Smith was placed in an intensive therapeutic program while incarcerated and, upon his successful completion of the program, was granted a sentence modification. The trial court released Smith from incarceration, suspended the remaining twelve years and one hundred two days of his sentence, and placed Smith on probation. Despite receiving this leniency from the trial court, Smith violated the terms of his probation within months of being released and placed on probation. The trial court subsequently revoked Smith's probation and ordered that he serve the entire suspended sentence in the DOC. Smith contends that the trial court abused its discretion in revoking his entire suspended sentence. We affirm.

# Facts and Procedural History

[2]    On August 6, 2013, Smith was charged with two counts of Class A felony dealing in cocaine, Class A felony possession of cocaine, Class D felony maintaining a common nuisance, and Class A misdemeanor possession of marijuana. On April 21, 2016, as part of a negotiated plea agreement, Smith pled guilty to one count of Class A felony dealing in cocaine and agreed to a twenty-year fixed sentence. In exchange for Smith's guilty plea, the State agreed to dismiss all other charges. The parties agreed that Smith was "an appropriate candidate for Purposeful Incarceration through the [DOC's]

Therapeutic Community Program for severe substance abuse issues" and that "if Court accepts this Plea Agreement, the Court shall recommend that the [DOC] place [Smith] in this program." Appellant's App. Vol. II p. 149. The trial court accepted the plea agreement and sentenced Smith in accordance with its terms.

[3] Smith successfully completed the intensive therapeutic program, and on June 8, 2017, the trial court modified Smith's sentence, ordering as follows:

> Therefore, as to Count 1, Dealing in Cocaine, a Class A felony, the remainder of [Smith's] twenty (20) year executed sentence shall be suspended and [Smith] shall be placed on supervised probation for a period of twelve (12) years and one hundred two (102) days.… Further, if [Smith] successfully completes three (3) years of the supervised probation, the Probation Department may file a petition requesting [Smith] be released from probation.

Appellant's App. Vol. II p. 204.

[4] On December 14, 2017, the State filed a petition to revoke Smith's probation after Smith was charged with five new criminal offenses: two counts of Level 4 felony dealing in narcotic drug, Level 6 felony maintaining a common nuisance, and two counts of Level 6 felony resisting law enforcement. After pleading guilty to one count of Level 6 felony resisting law enforcement in his new case, Smith admitted to the probation violation in this case. The trial court revoked Smith's probation and ordered that he serve the entirety of his previously-suspended sentence in the DOC.

# Discussion and Decision

[5] "Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled." *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007).

> The trial court determines the conditions of probation and may revoke probation if the conditions are violated. Once a trial court has exercised its grace by ordering probation rather than incarceration, the judge should have considerable leeway in deciding how to proceed. If this discretion were not afforded to trial courts and sentences were scrutinized too severely on appeal, trial judges might be less inclined to order probation to future defendants. Accordingly, a trial court's sentencing decisions for probation violations are reviewable using the abuse of discretion standard. An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances.

*Id.* (internal citations omitted). In challenging the revocation of his probation, Smith contends that the trial court abused its discretion in revoking his entire suspended sentence. Specifically, he argues that the sanction imposed for his violation "was unduly harsh and should be revised in light of [Smith's] ability to make use of drug treatment and rehabilitation." Appellant's Br. p. 8.

[6] In the underlying criminal case, Smith was convicted of Class A felony dealing in cocaine and sentenced to twenty years. After Smith successfully completed an intensive therapeutic program aimed at addressing his substance-abuse issues, Smith was given a chance to show that he was rehabilitated and could live a crime-free life in the community. However, within months, Smith

violated the terms of his probation. After Smith admitted to violating the terms of his probation, the trial court revoked Smith's entire suspended sentence. In doing so, the trial court stated the following:

> Mr. Smith, I did tell you at the time that I modified your sentence that that was your one chance. And when I, when you got sentenced on the twenty (20) year sentence with therapeutic community, that was the biggest break of your life. I mean that's handing that to you on a silver platter. And you did therapeutic community and then you blew it…. I mean, you know, the second biggest chance of your life is when then I modify your sentence and you don't have to do twenty (20) years in prison. You have to obey the law. You have to follow the rules of probation. And you have to take advantage of what you learned while you were in therapeutic community. And you didn't do that. And so from my perceptive, [the State] is right that you earned the revocation.

Tr. Vol. II p. 11.

[7] In arguing that imposing his entire suspended sentence was unduly harsh, Smith claims that "participation in that program and his successful completion of that program show that he is capable of defeating his drug addiction and living a law-abiding life." Appellant's Br. p. 9. However, Smith's alleged participation in drug-related criminal behavior within months of having his sentence modified and being placed on probation suggests otherwise. We agree with the State that Smith's actions once being placed on probation indicate that his successful completion of the therapeutic program "wholly failed to

rehabilitate" him and "his own conduct demonstrated that it had not made him capable of living a law-abiding life."[1] Appellee's Br. p. 11.

[8] Smith also claims that the trial court should have recognized his "prior demonstrated ability to comply with the recommendations of the court in imposing an appropriate sanction." Appellant's Br. p. 10. Contrary to this claim, Smith has not demonstrated an ability to comply with court orders or recommendations and he has failed to modify his behavior after receiving prior awards of leniency. Smith has an extensive criminal history dating back to 1994, which includes seven prior felony convictions and three prior misdemeanor convictions. In addition, prior to being placed on probation in this case, Smith had been placed on probation five times and had had his probation violated in four of those five cases. We agree with the State that "committing crimes while on probation after only six months of participation is not a demonstration of [Smith's] ability to comply with the recommendations of the court, which would have included the rules and conditions of probation." Appellee's Br. p. 11. Smith's behavior indicates that he is either not capable of or interested in living a law-abiding life. Rather, his behavior demonstrates a disregard for the laws of this state and the restrictions placed on him by the trial court.

---

[1] Furthermore, to the extent that Smith claims that the trial court abused its discretion by relying on his successful participation in and completion of the therapeutic program as a reason to revoke the remainder of his suspended sentence, the record reveals that the trial court did not do so. The trial court merely noted that Smith had failed to take advantage of the tools learned during his participation in the therapeutic program.

[9] The record reveals that Smith was granted an opportunity to serve the majority of his twenty-year sentence on probation after completing an intensive therapeutic program. By his own choice, Smith did not take advantage of this opportunity. As such, despite Smith's contention to the contrary, we conclude that the trial court did not abuse its discretion in revoking the remainder of Smith's suspended sentence.

[10] The judgment of the trial court is affirmed.

Baker, J., and Pyle, J., concur.