# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 24 2019, 8:56 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

A. David Hutson
Jeffersonville, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Samantha M. Sumcad
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Brandon Ray Kern, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | October 24, 2019 <br><br> Court of Appeals Case No. 19A-CR-1051 <br><br> Appeal from the Clark Circuit Court <br><br> The Honorable Bradley B. Jacobs, Judge <br><br> Trial Court Cause No. 10C02-1705-F6-921 10C02-1705-F6-972 |

**Tavitas, Judge.**

# Case Summary

Brandon Ray Kern appeals the trial court's determination of his sentencing placement following the revocation of his probation and the trial court's allocation of jail time credit. We affirm in part, reverse in part, and remand.

# Issues

Kern raises two issues on appeal, which we restate as follows:

> I. Whether the trial court abused its discretion in ordering Kern to serve the remainder of his previously suspended sentence in the Department of Correction ("DOC"), instead of community corrections.

> II. Whether the trial court erroneously denied Kern jail time credit to which he was entitled.

# Facts

This case stems from Kern's successive violations of his probation. While Kern was on probation and home detention in a separate cause,[1] the State charged him in Cause 10C02-1705-F6-921 ("F6-921") with unlawful possession of a syringe, a Level 6 felony, and resisting law enforcement, a Class A misdemeanor, on May 10, 2017. As a result, the State also charged Kern in

---

[1] Kern was on probation in Cause 10C03-1705-F6-904 for residential entry and battery.

10C02-1705-F6-972 ("F6-972") with escape, a Level 6 felony, for his alleged violation of a home detention order.

[4] On September 11, 2018, Kern pleaded guilty to unlawful possession of a syringe, a Level 6 felony, and resisting law enforcement, a Class A misdemeanor. In a consolidated sentencing hearing, the trial court sentenced Kern as follows: two-and-one-half years for unlawful possession of a syringe, a Level 6 felony; two-and-one-half years for escape, a Level 6 felony; and one year for resisting law enforcement, a Class A misdemeanor. The trial court ordered the one-year sentence to be served consecutively to the two-and-one-half-year sentences, which the Court ordered to be served concurrently. The trial court then suspended Kern's aggregate three-and-one-half-year sentence to probation.

[5] On November 13, 2018, the State filed an initial petition to revoke Kern's probation in F6-921 and F6-972, which was subsequently amended two times.[2] On April 9, 2019, Kern admitted to violating the terms of his probation and

---

[2] Kern's violations of probation occurred on October 22, November 2, and November 14, 2018. On October 22, 2018, the State charged Kern in Cause 10C03-1810-F6-1886 with theft, a Level 6 felony, and resisting law enforcement, a Class A misdemeanor. On November 2, 2018, the State charged Kern in Cause 10C03-1811-CM-1943 with possession of marijuana, a Class A misdemeanor, and possession of paraphernalia, a Class C misdemeanor. Subsequently, while Kern was incarcerated in the Clark County Jail, he was found in possession of contraband and, on November 14, 2018, the State charged Kern in Cause 10C03-1811-CM-1991 with possession of marijuana, a Class B misdemeanor, and possession of paraphernalia, a Class C misdemeanor.

asked the trial court to consider a sentencing placement in the MAST program.[3] The probation revocation sanction was left to the trial court's discretion.

[6]     At Kern's probation revocation hearing on April 9, 2019, the State presented evidence that, following an evaluation, Kern was deemed to be a poor candidate for MAST because he was "identified as high-risk" and had "previous failed attempts with transitional programs[.]"[4] Tr. Vol. II p. 25; App. Vol. II p. 90. Probation Officer Stark[5] testified that the probation department initially recommended revocation of Kern's previously suspended sentence, subject to the results of his MAST evaluation; "[b]ut with [Kern] being denied to the MAST program, [the probation department] recommend[s]" ordering Kern to serve the remainder of his previously suspended sentence in the DOC. *Id*. at 24. The trial court then stated:

> Mr. Kern, I'm not going to [order you into the MAST program] today, because [ ] the people who [ ] we've designated as more qualified to do these evaluations tell me that they don't think you would have a chance of success in the program. * * * * * [T]his is a 2nd Amended Petition [to revoke probation], which means [the] third violation alleged. Can't do anything else, Mr. Kern, except

---

[3] The Mental Health Addiction Supervision and Treatment program or MAST is a community corrections program.

[4] On March 26, 2019, Dawn Millspaugh, coordinator of the MAST program, advised the trial court in writing that "Mr. Kern does not demonstrate whether he would qualify as a suitable candidate for admittance into [the] MAST program. Mr. Kern does not demonstrate by his answers to the assessment questions nor by discussion of an exit plan from the MAST Program Phase 1 that he is motivated to comply with program requirements and maintain sobriety. Also, Mr. Kern [sic] multiple failed attempts at Community Corrections make[ ] Mr. Kern a poor candidate for the MAST Program. Mr. Kern will not be recommended for admittance . . . ." Appellant's App. Vol. II p. 92.

[5] Probation Officer Stark's first name is not included in the record.

> follow the Probation Department's recommendation to revoke
> the entirety of the suspended sentence.

*Id*. at 26, 27. The trial court noted that Kern was entitled to "158 actual days [of jail time] credit"; however, although the trial court's abstract of judgment reflects jail time credit of 158 days in F6-921, the abstract of judgment in F6-972 is silent as to jail time credit. *Id*. at 27. Kern now appeals.

# Analysis

### I.    *Denial of Community Corrections Placement*

Kern argues that the trial court abused its discretion when it ordered him into the DOC instead of the MAST community corrections program.[6] Kern's Br. p. 16. The State counters, and we agree, that this claim is unavailing.

A trial court's sentencing decisions for probation violations are reviewable using the abuse of discretion standard. *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances. *Id.*

Here, Kern argued below that he was a good candidate for placement in a community corrections drug treatment program because of: (1) the severity of his addiction; (2) his family history of drug dependency, including two siblings' overdose deaths; and (3) Kern's new-found desire to achieve sobriety. The trial

---

[6] Kern does not argue that his probation should not have been revoked or that the trial court exceeded its statutory authority when it ordered him to serve the remainder of his previously suspended sentence.

court heard probation officer Stark's testimony that Kern was not a good candidate for placement in MAST and was a "high risk" applicant with a record of previous failed attempts at transitional programs. *See* Tr. Vol. II p. 25; App. Vol. II p. 90.

[10] It is well-settled that the trial court had "considerable leeway" in deciding the consequences of Kern's probation violations. *See Prewitt*, 878 N.E.2d at 188. 2007). Given Kern's repeated probation violations, his record of failed attempts at transitional programs, and the results of his MAST evaluation, we cannot say that Kern's placement in the DOC was an abuse of discretion. *See King*, 894 N.E.2d at 268.

## II. *Jail Time Credit*

[11] Kern also argues that the trial court erred in denying him jail time credit. Jail time credit operates differently depending on whether the sentences are consecutive or concurrent. *Corn v. State,* 659 N.E.2d 554, 558 (Ind. 1995). In concurrent sentencing cases, Indiana Code Section 35-50-6-3 entitles the individual to receive credit time applied against each separate term; however, in consecutive sentencing cases, pretrial credit is awarded against the total or aggregate of the sentence terms. *Stephens v. State,* 735 N.E.2d 278, 284 (Ind. Ct. App. 2000), *trans. denied.*

[12] Here, in sentencing Kern, the trial court imposed concurrent sentences in Causes F6-921 and F6-972; Kern was, therefore, entitled to 158 days of jail time credit in both F6-921 and F6-972 for actual days served from November 2,

2018, to April 9, 2019. The trial court, however, only granted jail time credit in F6-921; this was clear error. *See* I.C. § 35-50-6-3. The State concedes that Kern is entitled to jail time credit in F6-972. *See* Appellee's Br. p. 10 ("The trial court made both sentence sanctions concurrent to each other, but, in error on the abstract of judgment, only applied credit time to F6-921 and not to F6-972."). Thus, we remand with instructions to correct the abstract of judgment in F6-972 in accordance with this opinion.

## Conclusion

[13] Kern's sentencing placement in the DOC, after multiple probation violations and after being deemed to be a poor candidate for MAST, is not an abuse of discretion. The trial court erroneously denied jail time credit to Kern in F6-972. We remand for correction of the F6-972 abstract of judgment to remedy the trial court's error. We affirm in part, reverse in part, and remand.

[14] Affirmed in part, reversed in part, and remanded.

Brown, J., and Altice, J., concur.