## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 05 2019, 7:14 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

R. Patrick Magrath
Alcorn Sage Schwartz & Magrath, LLP
Madison, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General

Samantha M. Sumcad
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Scott M. Vaughn,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

December 5, 2019

Court of Appeals Case No.
19A-CR-1585

Appeal from the
Dearborn Circuit Court

The Honorable
James Humphrey, Judge

Trial Court Cause No.
15C01-1108-FB-38

**Vaidik, Chief Judge.**

# Case Summary

Scott M. Vaughn appeals the trial court's order requiring him to serve the remaining eight years of his suspended sentence in the Department of Correction for violating his probation. We affirm.

# Facts and Procedural History

In August 2012, eighteen-year-old Vaughn pled guilty to Class C felony escape, Class D felony criminal confinement, Class D felony possession of a controlled substance, Class D felony theft, and Class D felony auto theft (he was seventeen at the time of the offenses but was tried as an adult). In exchange, the State agreed to recommend an aggregate sentence of twenty years with eight years executed and twelve years suspended to probation. The trial court accepted the plea agreement and sentenced Vaughn accordingly.

Vaughn was released from incarceration in May 2016. Three months later, in September 2016, the State filed a notice of probation violation, alleging that on September 11 Vaughn consumed a controlled substance that wasn't prescribed for him and committed the offense of possession of paraphernalia. The State later amended its notice to allege that Vaughn committed another offense on September 11, possession of a syringe. Vaughn admitted these violations, and the trial court ordered him to serve four years of his twelve-year suspended sentence in the DOC.

[4]     In February 2019, the State filed another notice of probation violation, alleging that on February 5 he committed the offenses of Level 3 felony dealing in methamphetamine, Level 6 felony possession of a syringe, and Class C misdemeanor possession of paraphernalia. Vaughn was convicted of these offenses in an April 2019 jury trial and later sentenced to fourteen years. *See* 15D01-1902-F3-5. In May 2019, the probation-violation hearing was held in this case, and the trial court found that Vaughn violated his probation.

[5]     Vaughn's dispositional hearing was scheduled for June 18; however, it was moved up to May 30 due to "security issues with Mr. Vaughn" in the Dearborn County jail. Tr. p. 22. At the hearing, the jail commander testified that Vaughn had gotten into "a few disagreements with officers as well as inmates" and "dug a hole in the padding of one of the cells." *Id.* at 19-20. The jail commander also testified about an incident that occurred the day before. That is, Vaughn and another inmate got into a fight, and the other inmate had to go to the hospital for his injuries, which included a "fracture to the left orbital." *Id.* at 21. The State asked the trial court to revoke Vaughn's "remaining suspended sentence." *Id.* at 27. Defense counsel asked the trial court to consider the PSI that was recently completed in 15D01-1902-F3-5. Using that PSI, defense counsel highlighted that Vaughn was a young man (twenty-five years old) who had "a lot still to go for in his life"; had the support of his wife and family; had mental-health issues, including bi-polar disorder; "had no history of drug use or drug abuse up until his incarceration period"; and, although unemployed at the time of his arrest, was "willing to work." *Id.* at 16, 17. In announcing its

decision, the trial court explained that it was considering "all the matters outlined in the [PSI]," that Vaughn had previously violated his probation in this case (for which he was ordered to serve four years in the DOC), and "the evidence presented here today regarding Mr. Vaughn's behavior necessitating that this hearing be moved in order to address [the] safety . . . and security issues within the Law Enforcement Center." *Id.* at 27-28. Given Vaughn's "history and the violence that has been described," the court ordered him to serve the remaining eight years of his suspended sentence in the DOC. *Id.* at 28; *see also* Appellant's App. Vol. II pp. 210-11 (court's written order noting that it considered "evidence of the defendant's behavior in the Dearborn County Law Enforcement Center during the pendency of this matter and while awaiting sentencing.").

[6] Vaughn now appeals.

# Discussion and Decision

[7] Vaughn contends that the trial court should not have ordered him to serve the remainder of his suspended sentence in the DOC. Trial courts enjoy broad discretion in determining the appropriate sanction for a probation violation, and we review only for an abuse of that discretion. *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007).

[8] Vaughn argues that the trial court abused its discretion in ordering him to serve the remaining eight years of his suspended sentence because of the information

contained in his PSI, including his family support, mental-health issues, and drug problems. At the dispositional hearing, defense counsel highlighted this information for the trial court. And when the court announced its decision, it specifically said that it was considering "all the matters outlined in the [PSI]." Despite this evidence, the court found that in light of Vaughn's previous probation violation in this case and the "violence" committed by him in the Dearborn County jail, it was ordering him to serve the remainder of his suspended sentence. On appeal, Vaughn does not acknowledge the evidence that was presented at the dispositional hearing regarding his behavior in jail or that the trial court relied on this evidence in making its ruling. Given that Vaughn violated his probation in this case in 2016, was ordered to serve four years in the DOC, dealt in methamphetamine after being released from the DOC, and then committed acts of "violence" while in jail awaiting disposition in this case, the trial court did not abuse its discretion in ordering him to serve the remaining eight years of his suspended sentence in the DOC.

[9] Affirmed.

Najam, J., and Tavitas, J., concur.