## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 31 2020, 12:39 pm

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Devon M. Sharpe
Jenner & Pattison
Madison, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General

Jacob Kovalsky
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Howard Jackson, Jr.,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

March 31, 2020

Court of Appeals Case No.
19A-CR-2364

Appeal from the
Jefferson Circuit Court

The Honorable
Richard G. Striegel, Senior Judge

Trial Court Cause No.
39C01-1503-F4-227

**Vaidik, Judge.**

# Case Summary

[1] Howard Jackson Jr. appeals the sanction imposed for his violation of probation. We affirm.

# Facts and Procedural History

[2] In January 2016, Jackson pled guilty to Level 4 felony burglary and was sentenced to four years, with 407 days executed (time served) and the remaining 1,053 days suspended to community corrections as a condition of probation. The court also ordered Jackson to pay his burglary victim $7,900 in restitution. Jackson started community corrections that month.

[3] In April 2016, Jackson and community corrections filed an administrative agreement in which Jackson admitted violating community corrections and agreed to sanctions to remain in the program. Two months later, in June 2016, community corrections filed a petition to revoke Jackson's community corrections and probation for testing positive for methamphetamine in April and May 2016, getting charged with Level 6 felony auto theft in Switzerland County in May 2016 (Jackson was later convicted in August 2017), and failing to pay fees. In October 2016, community corrections filed an amended petition to revoke, adding as allegations that Jackson testified positive for methamphetamine in August 2016, failed to report to community corrections in September 2016, and failed to report to substance-abuse treatment on numerous

occasions. In January 2017, community corrections filed a second amended petition to revoke, adding as an allegation that Jackson had failed to maintain contact with community corrections since a court appearance in November 2016.

[4] A fact-finding hearing was scheduled for March 2017, but Jackson failed to appear. The trial court issued a warrant for Jackson's arrest, and he was arrested in August. At the October fact-finding hearing, the trial court found that Jackson violated his probation based on his (1) positive "drug screens," (2) "failure to report," (3) "non-compliance with court ordered programs," (4) "failure to pay fees," and (5) auto-theft conviction in Switzerland County. *See* Appellant's App. Vol. II p. 82. At the November dispositional hearing, the Court ordered Jackson to "enroll and participate in the Dearborn County veteran's court" and deferred disposition "pending completion or failure of veteran's court." *Id.* at 80. Jackson started veteran's court in December.

[5] It appears that Jackson did well in veteran's court for more than a year. But in April 2019, Jackson missed a group-therapy session and had to spend the weekend in jail as a sanction. He was also sanctioned for driving without a license. Then, in June 2019, Jackson brought someone else's urine to his veteran's court drug screen and was arrested. The next month, Jackson was convicted of Class B misdemeanor possession of a drug-screen interference device and terminated from veteran's court.

[6] In September 2019, the trial court conducted the deferred dispositional hearing based on the prior finding that Jackson violated his probation and Jackson's termination from veteran's court. The burglary victim testified that Jackson had not made any restitution payments to him. Jackson testified on his own behalf, emphasizing that he had passed around 100 drug screens and was employed while participating in veteran's court and that he was two weeks shy of completing veteran's court when he relapsed. He asked the court to place him in an in-patient drug-treatment program instead of prison. The court, however, ordered Jackson to serve the remainder of his 1,053-day suspended sentence (according to the State, approximately 864 days) in the Indiana Department of Correction. The court explained that while it "certainly believe[d] in more than one opportunity to correct criminal behavior and deal with addiction," Jackson had several opportunities. Tr. p. 32. In addition, the court noted that Jackson had "made no meaningful effort to repay" the burglary victim. *Id.*

[7] Jackson now appeals.

# Discussion and Decision

[8] Jackson argues that the trial court should not have ordered him to serve the remainder of his suspended sentence in the DOC. Trial courts enjoy broad discretion in determining the appropriate sanction for a probation violation, and we review only for an abuse of that discretion. *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007).

[9] Jackson concedes that he "stumbled during the term of his probation"; however, he notes that he "took many steps toward treating his drug addiction," including passing around 100 drug screens and being employed. Appellant's Br. p. 13. Based on these efforts, he asks us to give him an "opportunity to complete [an] in-patient rehabilitation program." *Id.* at 15.

[10] Here, the record shows that despite Jackson's numerous and serious violations of community corrections and probation (including a felony conviction for auto theft), the trial court deferred disposition and allowed him to enroll in veteran's court. Although Jackson did well in veteran's court for more than a year, he violated the terms of that supervision in April 2019 by missing an appointment and driving without a license. Then, in June, Jackson was arrested for trying to falsify a veteran's court drug screen by bringing a bottle of someone else's urine to his screen. The next month, Jackson was convicted of Class B misdemeanor possession of a drug-screen interference device and terminated from veteran's court. Based on Jackson's repeated criminal acts and other violations, the trial court's decision to order him to serve the remainder of his suspended sentence in the DOC was not an abuse of discretion. We therefore affirm.

[11] Affirmed.

May, J., and Robb, J., concur.