## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 13 2020, 10:09 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

R. Thomas Lowe
Lowe Law Office
New Albany, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

George P. Sherman
Supervising Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Gabrial Christor,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

May 13, 2020

Court of Appeals Case No.
19A-CR-2676

Appeal from the Clark Circuit Court

The Honorable Steven M. Fleece, Judge Pro Tempore

Trial Court Cause No.
10C01-1808-F5-194

**Bailey, Judge.**

# Case Summary

[1] Gabrial Christor ("Christor") appeals an order of the trial court that revoked his probation and ordered him to serve his previously-suspended sentence. He presents the issue of whether the trial court abused its discretion by failing to consider less stringent consequences. We affirm.

# Facts and Procedural History

[2] On February 7, 2019, Christor pled guilty to Carrying a Handgun without a License, a Level 5 felony, and Possession of Paraphernalia, a Class C misdemeanor. He was sentenced to three years imprisonment, all suspended to probation. Christor reported to the Clark County Probation Department for an initial intake interview, but he did not appear for any probation meeting thereafter. On June 20, 2019, Christor was arrested and charged with six drug-related offenses. On July 25, 2019, the State filed a petition to revoke Christor's probation.

[3] On October 26, 2019, the trial court conducted an evidentiary hearing. Christor's assigned probation officer, Rupert Strawbridge ("Strawbridge"), testified that he had never met Christor because he did not "show up" for scheduled meetings. (Tr. Vol. II, pg. 13.) Strawbridge also testified that Christor had moved without providing notice to the probation department and mail had been returned as undeliverable. The State offered into evidence a probable cause affidavit signed by the officer who arrested Christor on June 20,

2019. According to the affiant, Christor was being transported to jail when he admitted that he was holding heroin. Christor testified and attributed his lack of contact with the probation department to his having been hospitalized, bedridden, and homeless. He also testified that his girlfriend had contacted someone in the probation department on his behalf.

[4] The trial court found that Christor had violated the terms of his probation, revoked the probation, and ordered Christor to serve the previously suspended three-year sentence. Christor now appeals.

# Discussion and Decision

[5] Probation may be revoked where: (1) the person violated a condition of the probation during the probationary period; and (2) the petition to revoke probation was filed during the probationary period or before the earlier of one year after termination of probation or forty-five days after the state receives notification. *See* Ind. Code § 35-38-2-3(a). "[A] trial court's sentencing decisions for probation violations are reviewable using the abuse of discretion standard." *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). An abuse of discretion occurs when the decision is clearly against the logic and effect of the facts and circumstances before the trial court. *Id.*

[6] Christor concedes that sufficient evidence supports the revocation decision; he challenges only the consequence imposed, arguing:

> The abuse of discretion is that the trial court took no opportunity to inquire into the possibility of intermediate sanctions that could have provided increased supervision of Christor, such as Community Corrections or home incarceration. Neither did the trial court consider any type of treatment for Christor's obvious drug problem. Instead, the trial court summarily revoked the entire suspended sentence to be executed.

Appellant's Brief at 7-8.

[7] Where the trial court finds that a person has violated a condition of probation, the court may: (1) continue the person on probation, with or without modifying or enlarging the conditions; (2) extend the person's probationary period for not more than one year beyond the original probationary period; or (3) order the execution of all or part of the sentence that was suspended at the time of initial sentencing. *See* I.C. § 35-38-2-3(h). Under this statute, the discretion afforded the trial court is extremely broad. There is no obligation imposed upon the trial court to consider a particular placement, such as community corrections, a drug treatment program, or home incarceration.

[8] The trial court found that Christor violated his probation by failing to report and committing new criminal conduct, and the trial court stated that the immediacy of Christor's violations justified the maximum consequence. Christor was afforded leniency but violated multiple terms of his probation. He has demonstrated no abuse of discretion in the trial court's decision to order that he serve the entirety of his previously-suspended sentence.

Affirmed.

Crone, J., and Altice, J., concur.