## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Oct 26 2020, 8:33 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Cara Schaefer Wieneke
Wieneke Law Office, LLC
Brooklyn, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Benjamin J. Shoptaw
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Kevin Wayne Owens,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

October 26, 2020

Court of Appeals Case No.
20A-CR-939

Appeal from the Vigo Superior
Court

The Honorable Michael J. Lewis,
Judge

Trial Court Cause No.
84D06-1801-F5-336

**Bailey, Judge.**

# Case Summary

[1] Kevin Wayne Owens ("Owens") appeals an order of the trial court that revoked his probation and ordered him to serve three years of his previously suspended sentence in the Indiana Department of Correction ("the DOC"). Owens presents the issue of whether the trial court abused its discretion when it ordered him to serve three years in the DOC. We affirm.

# Facts and Procedural History

[2] On June 17, 2019, Owens pled guilty to Dealing in Methamphetamine, as a Level 5 felony.[1] He was given a suspended six-year sentence, with two years to be served on formal probation and 936 days to be served on informal probation. On July 30, 2019, Owens began his formal probation. On September 6, 2019, he failed to appear for an appointment with his probation officer. He also failed to notify his probation officer of a change in residence. Specifically, Owens had left a residential drug treatment program, Club Soda, where he had been placed as part of criminal proceedings in Vermillion County. On September 25, 2019, the State filed a Notice of Probation Violation and petitioned to revoke Owens's probation.

[3] On March 25, 2020, the trial court conducted a hearing, at which Owens testified and admitted to the alleged violations. He testified that he suffered

---

[1] Ind. Code § 35-48-4-1.1(a)(2).

from depression and anxiety, he was embarrassed to face his probation officer because he had lost a job, and he had walked away from Club Soda because the availability of drugs threatened his sobriety. The trial court found Owens in violation of the terms of his probation and revoked his probation. Owens was ordered to serve three years of his suspended sentence in the DOC. The trial court recommended to the DOC that Owens be placed in a Purposeful Incarceration program. Owens now appeals.

## Discussion and Decision

Probation may be revoked where: (1) the person violated a condition of the probation during the probationary period; and (2) the petition to revoke probation was filed during the probationary period or before the earlier of one year after termination of probation or forty-five days after the state receives notification of the violation. *See* Ind. Code § 35-38-2-3(a). Owens admits that he violated conditions of his probation. He does not challenge the timing of the State's petition to revoke; rather, he contends that the trial court abused its discretion by ordering that he serve three years of his suspended sentence.

Where the court finds a person has violated a condition of probation, the court may: (1) continue the person on probation, with or without modifying or enlarging the conditions; (2) extend the person's probationary period for not more than one year beyond the original probationary period; or (3) order the execution of all or part of the sentence that was suspended at the time of initial sentencing. *See* I.C. § 35-38-2-3(h). Trial courts enjoy broad discretion in

adjudicating a probation violation. *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). We review that decision only for an abuse of discretion, which occurs when the decision is clearly against the logic and effect of the facts and circumstances. *Id.* It is well within the trial court's discretion to determine the conditions of probation and revoke it if the conditions are violated. *Id.* When a trial court exercises its grace by ordering probation rather than incarceration, the judge has considerable leeway in deciding how to proceed. *Id.*

[6] Owens violated conditions of his probation soon after it began by failing to attend his meeting with his probation officer and failing to report a change of residence. He has seven prior felony convictions and fifteen misdemeanor convictions. He has a history of violating the conditions of probation and home detention. The trial court commented that Owens had been in his court "almost seven straight years" without successful rehabilitation or compliance with incarceration alternatives. (Tr. at 24.) Owens has repeatedly demonstrated his contempt for the grace bestowed upon him by the court. We are not persuaded that the trial court's decision was clearly against the logic and effect of the facts and circumstances.

[7] Affirmed.

Vaidik, J., and Weissmann, J., concur.